UNITED STATES FIDELITY & GUARANTY CO v. PARKER. (No. 505.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 17, 1919.)

1. MASTER AND SERVANT ⟺418(5)—WORKMEN'S COMPENSATION ACT; ASSIGNMENT OF ERROR INSUFFICIENT.

The statement under an assignment of error: "This injury occurred about July 24, 1916. Claim for compensation was filed with the State Board April 30, 1917. Claimant testified that he was confined to his bed 115 days after his injuries and was then out occasionally driving in a car"—was insufficient to enable the court to review the trial court's finding that the claim was filed within the time provided by Acts 1913, c. 179, pt. 2, § 4a (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246ppp).

2. MASTER AND SERVANT ⟺385(20)—WORKMEN'S COMPENSATION ACT; JUDGMENT IN LUMP SUM FOR AMOUNT ALREADY DUE.

An injured employé suing an indemnity company in which the employer was insured, in the absence of agreement, is entitled to judgment in lump sum for the compensation already due and his weekly installments during the balance of the time in which he is entitled to compensation, but not to a lump sum judgment for the whole period.

Appeal from District Court, Hardin County; J. Llewellyn, Judge.

Action by C. J. Parker against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant appeals. Affirmed in part, and reversed in part and certified to the trial court, with instructions.

Hunt & Teagle, of Houston, for appellant. Crook, Lord, Lawhon & Ney and W. R. Blain, all of Beaumont, for appellee.

WALKER, J. This was an action arising out of a claim for compensation on the part of appellee, C. J. Parker. About the 21st of July, 1916, C. J. Parker was in the employment of the Lake-Graham Oil Company, and in the course of his employment received certain personal injuries. About the 30th of April, 1917, he filed his claim for compensation with the State Industrial Accident Board. About the 29th day of October, 1918, said board entered its award against the United States Fidelity & Guaranty Company,

which company was carrying compensation for the Lake-Graham Oil Company, awarding Parker the sum of $15 per week during his total incapacity, not to exceed 400 weeks. This award is as follows:

"Cleveland Parker, Employé, v. Lake-Graham Oil Co., Employer; United States Fidelity & Guaranty Company, Insurer. B–14804.
"October 29, 1918.

"On this the 25th day of October, 1918, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board the above styled and numbered claim.

"And it appearing to the board that the questions involved herein have not been settled by agreement of the parties, the board as provided by law, finds:

"(1) That on July 21, 1916, the Lake-Graham Oil Company was a subscriber to the Employers' Liability Act and that at said time carried a policy of insurance with the United States Fidelity & Guaranty Company.

"(2) That on said July 21, 1916, Cleveland Parker was in the employ of the said Lake-Graham Oil Company, and as such employé was covered by said policy of insurance.

"(3) That on said date and while in the courrse of his employment the said Cleveland Parker sustained injuries to his left leg and both knees in the manner and to the extent set out in the report of accident, claim for compensation and other papers now of record in this case.

"(4) That as a result of said injuries the said Cleveland Parker became totally incapacitated for work for an indefinite period of time; that the average weekly wage of the said Cleveland Parker, at the time and prior to sustaining said injuries, was $36.00 per week.

"It is the judgment, opinion, and finding of the board that the said Cleveland Parker is entitled to receive of and from the United States Fidelity & Guaranty Company compensation for total incapacity at the rate of $15.00 per week from July 28, 1916, and to continue thereafter during the existence of said total incapacity, said period covered by such compensation not to exceed 400 weeks.

"The board further finds that in the event the said Cleveland Parker suffers any partial incapacity at the termination of his total incapacity, as a result of the above-mentioned injuries, he shall be entitled to receive of and from the United States Fidelity & Guaranty Company a weekly compensation for partial incapacity equal to 60 per cent. of the difference between what he was earning at the time and prior to the date of the injuries and the amount he is able to earn after the termination of total incapacity, said compensation to be paid weekly during the existence of such partial incapacity, if any, for a period not ·to exceed 300 weeks from and after the termination of said total incapacity; provided, however, that in no event shall the period for total and partial incapacity exceed 400 weeks.

"It is therefore ordered, adjudged, and decreed by the Industrial Accident Board that the United States Fidelity & Guaranty Company pay unto the said Cleveland-Parker a weekly compensation for total incapacity in the sum of $15.00 from July 28, 1916, and continuing the term of total incapacity, but said period covered by such compensation not to exceed 400 weeks. ·

"It is further ordered, adjudged, and decreed by the Industrial Accident Board that the United States Fidelity & Guaranty Company pay unto the said Cleveland Parker a weekly compensation for partial incapacity, if any, in a sum equal to 60 per cent. of the difference between the average weekly wage of the said Cleveland Parker at the time and prior to the date of said injury and the amount of average weekly wage he is able to earn after the termination of total incapacity hereinbefore found, said compensation, if partial incapacity results on account of said injury, shall begin to accrue after the termination of the total incapacity and be paid weekly during the existence of said partial incapacity, if any, for a period not to exceed 300 weeks; provided, however, that the number of weekly payments covering both total and partial incapacity shall not exceed 400 weeks. The United States Fidelity & Guaranty Company is to be credited with any amounts they may have already paid on this claim."

Before the trial of this case in the lower court, Acts 1913, c. 179, had been amended by Acts 1917, c. 103 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), giving the right of appeal to any interested party not willing and consenting to abide by the ruling or decision of the board. Appellant was not satisfied with the above award made by the Accident Board, and, after giving notice as required by the act of 1917, filed suit against C. J. Parker in the district court of Hardin county to set aside the award. In the meantime the wife of C. J. Parker had died, and his children intervened in this suit, claiming a half interest in the compensation. Appellees answered the Hardin county suit pleading the award and asking that it be enforced. The case was tried without a jury, the trial court, filing conclusions of law and fact. These, in substance, are that appellee was totally disabled under the terms of the 1913 act for 104 weeks, and because of the nature of his injuries he would suffer partial disability for a time in excess of 300 weeks. Judgment was rendered for appellee for 104 weeks total disability, at $15 per week, and 24 weeks partial disability at $10.80 per week up to the time of the trial, and for 276 weeks partial disability not yet accrued, at $10.80 per week. The court further found that the sum of $2,980.80, which had not accrued, should be paid in a lump sum, and that according to the New Jersey tables of computation of compensation, which has been adopted by the Industrial Accident Board of this state, said sum of $2,980.80 has a present worth of $2,643.40. The judgment of the court was thus for 104 weeks at $15 per week, making a total sum of $1,560; 24 weeks partial disability accrued at the time of the trial, at $10.80, making $259.20; and the present value of 276 weeks not accrued at the time of the trial, in the sum of $2,643.30—the total judgment being $4,462.50. From this judgment appellant has brought this case to this court on eight assignments of error.

[1] The first assignment is that the court erred in holding that C. J. Parker had filed his claim with the State Industrial Accident Board within the time provided by law. The statement made under this assignment is as follows:

"This injury occurred about July 24, 1916. Claim for compensation was filed with the State Board April 30, 1917. Parker testified that he was confined to his bed 115 days after his injuries and was then out occasionally driving in a car."

Section 4a, part 2, Act of 1913, c. 179 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246 ppp), provides:

"No proceedings for compensation for injury under this act, shall be maintained unless a notice of the injury shall be given to the association or subscriber, as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of the death of the employé, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity."

The statement made by appellant under the assignment is not sufficient to enable us to review the finding of the court complained of. However, we have examined the record, and, in our judgment, the finding of the court is fully sustained.

The second assignment complains of the finding of the court that Parker's injuries were permanent, and that he will never be able to perform more than one-half of the labor he was able to perform before his accident. In view of the disposition we are making of this case, we deem this assignment immaterial.

[2] The other assignments complain of the lump sum judgment rendered by the trial court. These assignments are sustained.

This identical question has been before the Court of Civil Appeals for the Sixth District in Roach v. Texas Employers' Liability Association, 195 S. W. 328, and before the Court of Civil Appeals for the Second District in American Ind. Co. v. Hubbard, 196 S. W. 1011. In the last case cited, Justice Buck, speaking for the court, said:

"The court peremptorily instructed a verdict in favor of the Lone Star Gas Company, but submitted the case to the jury as to the defendant American Indemnity Company under a general charge. The verdict of the jury was * * * against the indemnity company: (1) for damages sustained up to the time of the trial, $355.50; and (2) for further damages $10.50 per week for 87 weeks. The court entered judgment for the plaintiff against the defendant American Indemnity Company in the sum of $1,260, and the Indemnity Company appeals. Under its tenth assignment, appellant urges error in the trial court's judgment for the full amount awarded in the verdict as a present,

immediate recovery of same, as a lump sum, and we are of the opinion that this assignment must be sustained. Under part 1, § 15, of this act, contained in the Acts of the Thirty-Third Legislature, Regular Session [Vernon's Sayles' Ann. Civ. St. 1914, art. 5246nnn], it is provided that in cases where death or total permanent disability results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the 'Industrial Accident Board,' but in the absence of such agreement, as we construe the provisions of the act, plaintiff, when entitled to recover by suit, would be entitled to judgment for the aggregate weekly stipend to date of trial, and as to the remaining weeks for which the jury should find plaintiff was entitled to recover a judgment should be rendered for such amount payable weekly. * * * This error, however, would not call for a reversal of the judgment, but merely for a reformation thereof."

In the first case cited, the Industrial Accident Board had rendered a finding similar to the finding in this case. The insurance company failed and refused to pay the compensation as directed by the Industrial Accident Board. Roach brought suit for relief. Under the first count he sought an enforcement of the decree of the Industrial Accident Board. In the alternative he asked, in the event the court should hold that the decision of said board could not be sued upon and enforced, for judgment for the amount of compensation provided by the act. Under the third count he sought common-law relief. The trial court sustained a general demurrer and special exception to the petition, in so far as it related to the proceedings and decisions of the Industrial Accident Board set out in the first count. This ruling of the court was assigned as error. Justice Levy said:

"When the parties at interest in the claim made under the act consent for the Industrial Accident Board to take proceedings under the act and finally determine the claim for compensation under the act, and do not withdraw consent before there has been final ruling and decision by the said board upon such claim, then, in virtue of the exercise by the parties of their option, the decision of said board upon the said claim is, by the terms of the act, final. * * * It is concluded, though, that appellant would have to recover on the award according to its terms, and not in a 'lump sum.'"

It is our opinion that the trial court had no authority or jurisdiction of this case other than to enforce the decree of the Industrial Accident Board. We affirm that part of the judgment assessing appellee's damages for the 104 weeks and for the 24 weeks which accrued before the trial, this is to be divided among C. J. Parker and his children and their attorneys in the proportion ordered by the trial court. That part of the judgment assessing the damages not yet accrued at $10.80 per week for 276 weeks, and decreeing

a lump sum payment, is reversed, and it is ordered that appellees shall recover of and from appellant compensation at the rate of $10.80 per week from the expiration of the 128 weeks (for which we have above provided), as long as the partial disability of C. J. Parker shall exist, not to exceed a period of 272 additional weeks, for which appellees may have their execution as such compensation accrues.

It is further ordered that this decision be certified to the trial court, with instructions to hold this case on its docket for the purpose of administering the same according to the findings made by the Industrial Accident Board, with authority to reopen this case upon the petition of either party upon a showing that the disability of C. J. Parker has either increased or diminished since the trial of this cause (U. S. Fid. & Gy. Co. v. Davis, 212 S. W. 239), and that such compensation be divided among C. J. Parker and his children and their respective attorneys in the same proportion as above provided.