UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD., v. PARSONS. (No. 9378.)

(Court of Civil Appeals of Texas.   Ft. Worth. Oct. 16, 1920.   Rehearing Denied Nov. 20, 1920.)

1. Master and servant ⬅416½, New, vol. 11A Key-No. Series—Compensation claimant, suing defaulting insurer, held entitled to judgment in lump sum for amount already due.

Under Vernon's Ann. Civ. St. Supp. 1918, art. 5246–45, on insurer's noncompliance with an award of the Industrial Accident Board, the injured employé is entitled to judgment in lump sum for compensation already due, and judgment for his weekly installments during the balance of the compensation period, but not to a lump sum judgment for the entire period.

2. Master and servant ⬅418(2) — Judgment against defaulting compensation insurer held "final judgment."

A judgment in an action against the insurer for noncompliance with award of Industrial Accident Board, awarding plaintiff a lump sum for accrued weekly payment, and providing that he recover others as they accrue, though providing that as to payments subsequently to accrue the court may have authority, on application and showing, etc., to diminish, increase, or revoke so much of said judgment as pertains to future payments, is a "final judgment," from which an appeal may be taken; it disposing of all the issues before the court (citing Words and Phrases, Second Series, Final Decree or Judgment).

3. Master and servant ⬅416½, New, vol. 11A Key-No. Series—Finding of compensation insurer's default warranted.

Evidence in action for noncompliance with award of Industrial Accident Board held to warrant finding that the insurance carrier did not, prior to the action, in good faith attempt to comply with the award.

4. Master and servant ⬅391¼, New, vol. 10A Key-No. Series—Compensation insurer's tender should include interest on award.

Though letter from Industrial Accident Board, or a member thereof, to insurance carrier, stated that the award would be complied with up to a certain time by payment thereof, tender thereof was not a full legal tender; it

not including interest on deferred payments, to which the injured employé was entitled.

**5. Master and servant ⬅416½, New, vol. IIA Key-No. Series — Compensation claimant's suit against insurer to mature entire claim on award authorized.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, injured employé may mature his entire claim and bring suit thereon, as well where there has been no payment on the award of the Industrial Accident Board, as where, after a payment, there has been default.

**6. Master and servant ⬅416½, New, vol. IIA Key-No. Series—Amount due under compensation award held matured.**

For injured employé to authorize his attorney to file suit for the whole amount due under award of Industrial Accident Board is in effect a maturing on his part of the amount due.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by W. R. Parsons against the United States Fidelity & Guaranty Company, of Baltimore, Md., and others. From a judgment against the named defendant, it appeals, and plaintiff brings cross-appeal. Affirmed.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

C. W. Massie, of Fort Worth, for appellees.

BUCK, J. This suit was brought by W. R. Parsons against the J. W. Thompson Construction Company, the United States Fidelity & Guaranty Company of Baltimore, Md., and the Industrial Accident Board of the state of Texas, for the purpose of maturing an award made by the Industrial Board, and invoking attorney's fees and penalty. Upon demurrer, the construction company and the Industrial Accident Board were dismissed from the case, and the cause of action proceeded against the United States Fidelity & Guaranty Company, aforesaid.

On July 5, 1918, appellee, while working for the Thompson Construction Company at Fort Worth, was injured by the turning over of an automobile in which he was riding. On or about July 13th, the appellant paid the appellee $9.52 as a weekly payment on the policy. This check was handed the appellee by the insurance company's physician in Fort Worth. At the time of its receipt, the doctor told the appellee to return each week and he would receive a like check. When he went back the next week, the appellee was told that there was no check for him, that he had put the case in the hands of lawyers, and that he would let the lawyers collect it. The claim was filed before the State Industrial Accident Board, and, a hearing having been had, the said Board on November 22,

1918, rendered judgment to the effect that the said Parsons' injuries were permanent; that his average weekly wages at the time of his injury were $16.86, and hence that his rate of compensation was $9.52; that said Parsons was entitled to recover from the United States Fidelity & Guaranty Company compensation at the rate of $9.52 from and after the 13th day of July, 1918, up to and including the date of the judgment, and to continue thereafter in the future during the existence of said total incapacity, and until and unless altered, changed, or modified by subsequent agreement between the parties within and in accordance with the provisions of the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), or until and unless changed, altered, or modified by subsequent order, judgment, or decree of the Industrial Accident Board, but in no case to exceed the maximum period of 401 weeks from and after July 5, 1918. Said board further allowed the plaintiff's attorney, C. W. Massie, compensation, in the way of attorney's fees, of $100, to be paid out of the weekly payments awarded the plaintiff at the rate of 15 per cent. thereof until said fee should be paid. The defendant gave notice of appeal, but never perfected said appeal. Negotiations by way of correspondence were carried on between the attorneys of the plaintiff and of the defendant until February 27, 1919, when plaintiff filed suit in the Seventeenth district court of Tarrant county against the defendant and other parties whose dismissal from the suit has heretofore been noted. In the petition plaintiff sought for a recovery of the entire claim, which he recited to be $3,808, for $500 as attorney's fee, and for other sums in the way of damages, to the total amount of $5,000.

The defendant United States Fidelity & Guaranty Company (hereinafter called defendant) answered by a plea to the jurisdiction of the court, setting up the facts of the issuance of the policy by it to the Thompson Construction Company, of injuries received by the plaintiff while in the employ of the construction company, of an agreement reached between the plaintiff and the defendant, whereby the latter agreed to pay the former $9.52 a week, which was alleged to be 60 per cent. of the plaintiff's average weekly wages (though in fact $9.52 does not appear to be 60 per cent. of $16.86, plaintiff's weekly wages), the filing of his claim by the plaintiff with the Industrial Accident Board, and the judgment of said board, from which no appeal had been taken within the time prescribed by the Employers' Liability Act. The defendant pleaded that the judgment of the said Industrial Accident Board was final, because the plaintiff did not give notice of the appeal therefrom within 20

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

days of said judgment, nor did he file suit within 40 days, after having duly notified the defendant of his intention. Defendant further pleaded that on February 15, 1919, it tendered to C. W. Massie, attorney for plaintiff, a draft for the compensation due up to that date, which said draft was made payable to W. K. Parsons and C. W. Massie; that C. W. Massie refused to accept said draft, saying it was a week short, and that it should also have been made payable to W. R. Parsons; that thereafter said Massie filed a motion with the Industrial Accident Board, stating that defendant had refused to pay the compensation, and requested the board to file with the commissioner of insurance and banking a certificate that defendant had failed to pay the award of the board, or to take an appeal therefrom, in order that said commissioner might revoke or forfeit the license or permit of the defendant to do business in Texas. It was further alleged that after investigation the board wrote the plaintiff's attorney that it found that the draft of February 15th was tendered as payment in good faith of the amount due by defendant up to February 10th; that the mistake as to the initials of the claimant would have been rectified by the defendant, and that defendant would have made payment of the draft, and would have continued to comply with the terms of the award, if it had been permitted to do so by the plaintiff; that thereafter defendant had been advised by the Industrial Accident Board that on March 8, 1919, there would have accrued and become due and payable on this award a total of $314.16; that defendant, promptly upon receipt of said advice, tendered the money to plaintiff, but that, notwithstanding this tender, the plaintiff filed suit on March 27, 1919, though in fact suit was filed February 27th.

The cause was submitted to the jury on special instructions, in answer to which the jury found: (1) That the defendant, after the award by the Industrial Accident Board, hereinafter called the Board, failed or refused without justifiable cause to continue to make said payments promptly as they matured. (2) That the plaintiff prior to the filing of the suit had matured the entire claim or amount due him from the defendant. (3) That the defendant had not in good faith attempted to comply with said award of the Board, by payment of same before the plaintiff had matured or attempted to mature the entire claim. (4) That the defendant had not in good faith attempted to comply with said award before the filing of the suit. Upon these answers, on motion of the plaintiff, the court entered judgment for plaintiff in the lump sum of $4,679.71, divided as follows: $3,798.48, amount of principal due; $455.81, damages; and $425 as attorney's fee. On the last day of the term of court, the court entered a corrected and final judg-

ment, awarding plaintiff $580.72 as accrued weekly payments, $69.69 as 12 per cent. penalties, and awarded C. W. Massie $200 as attorney's fee, making a total of $850.41. The judgment further provided that the plaintiff should have and recover from the defendant weekly payments of $9.52 a week for a period of 339 weeks, beginning September 27, 1919, and execution should issue for the collection of said installments as they matured, subject, however, to the further provision that, on the application of any person interested, showing a change of conditions, mistake, or fraud, said award as to future payments might be diminished or increased as awarded within the maximum or minimum provided for in the Workmen's Compensation Act of Texas (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91 or that said court might change or revoke said judgment according to the provision of said act. From this judgment both parties have appealed.

[1, 2] Appellee, plaintiff below, attacks this second judgment, and prays that the first judgment rendered, awarding plaintiff the lump sum of the entire claim, as a present recovery, be substituted for the judgment later rendered by the court. He urges that the second judgment is not a final judgment, in that by its terms it is subject to change or modification. Article 5246—44, V. S. Tex. Civ. Stats., 1918 Supp., provides that in case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act; that in the absence of an appeal, perfected within the time prescribed, the said award should be binding upon all parties thereto. Article 5246—45 provides that if the association, or insurance company, as here, shall fail or refuse to bring suit to set the award aside, and shall fail to obey or comply with the same, the claimant shall be entitled to bring suit in any court of competent jurisdiction to collect the full amount of said award, together with 12 per cent. penalty and attorney's fee. An injured employé, suing an indemnity company in which the employer was insured, in the absence of agreement, is entitled to judgment in lump sum for the compensation already due and his weekly installments during the balance of the time in which he is entitled to compensation, but not to a lump sum judgment for the whole period. U. S. Fidelity & Guaranty Co. v. Parker, 217 S. W. 195; Roach v. Employers' Ins. Ass'n, 195 S. W. 328; Am. Indemnity Co. v. Hubbard, 196 S. W. 1011; Gen. Accident, Fire & Life Assur. Corp., Limited, v. Evans, 201 S. W 705.

In Roach v. Employers' Ins. Association, supra, it was held that where the Industrial Accident Board had made a final ruling and decsion in adjusting of the claim, and where neither party had perfected his appeal there-

from within the time prescribed, said award would be final as between the parties, and that, in a suit by a claimant to mature the award, he would have to recover on the award according to its terms, and not in a "lump sum." We believe that this is a final judgment, from which an appeal may be taken, although it provides that as to payments subsequently to accrue, the court may have authority, upon application of any party interested, and upon a showing of mistake or fraud, or changed conditions, to diminish or increase or revoke so much of said judgment ·as pertains to future payments. The judgment disposed of all the issues before. the court. Words and Phrases, Second Series, p. 538. Appellee's assignments are overruled.

[3] Appellant complains that the judgment should be reversed, in that the evidence shows that the defendant in good faith did attempt to comply with the terms of the award made by the Board. The evidence shows that some time after the accident, probably after 'the award by the Board, the adjuster of the defendant company came to the hospital where plaintiff was confined and offered to renew the weekly payment checks, and that plaintiff refused to accept such payments. saying that he had put the matter in the hands of his lawyer now, and that $9.52 a week was not sufficient to keep him up. Then negotiations by correspondence dragged on between the attorneys until February 15, 1919, when defendant sent the Baltimore draft for $276.08, payable to W. K. Parsons and C. W. Massie, which it was claimed was full payment "to date." Massie presented this check to the bank, which refused to cash it, because of the mistake of initial of plaintiff, and a Mr. Sandidge, of the bank, further testified that the usual collection charge or exchange on this kind of paper was 25 cents. As we figure it, this amount was the principal sum due up to February 5, 1919, and hence was not in full payment to February 15th, as claimed. Moreover, plaintiff was entitled to collect 6 per cent. interest on accrued payments. This was not offered. Nor was any money or check offered at any time before trial, as we understand the record, which constituted a payment of the sum of the weekly payments past due, with accrued interest. Hence we overrule this assignment.

[4] Under the second assignment, it is urged that a letter of February 27, 1919, was written by the Board to defendant's attorneys, a copy of the letter being sent to plaintiff's attorney, in which the writer, J. H. Fowler, of the Board, informed defendant's attorneys that if the defendant would pay the plaintiff $267.16, and C. W. Massie, as his attorney, the sum of $47.12, by such payments the award theretofore made by the Board would be complied with up to March 8th following. C. W. Massie testified that he received his copy of this letter the day after he filed suit. It appears that a verbal tender was made of this amount, which plaintiff's attorney stated he would have refused, though he did not remember that the tender was made. No tender which included the accumulated interest is claimed to have been made, nor was there any offer to pay the costs already accrued by the filing of the suit. Though the Board, or one of its members, might have said in a letter that in their opinion such payment of $314.28 would be a complete compliance with the terms of the award theretofore made, yet the fact remains that plaintiff was entitled to interest on the deferred payments, 'and any tender which did not include. the interest was not a full legal tender. The assignment is overruled.

[5] We overrule appellant's third assignment. Article 5246—45,. Vernon's .Supp. 1918, provides' that where the board has made an award, and the association or defendant company shall thereafter fail or refuse to continue to make the payment promptly, the injured employé or his beneficiaries' shall have the right to mature the entire claim', and that suit therefor may be brought in any court of competent jurisdiction, in any county where the accident occurred or where the claimants reside. It is urged 'that this provision contemplates only cases where some of the payments have been made. We do not think so, though in the present case defendant was credited by the board and in the trial court with the payment made prior to the award. Such a construction of this part of the act would encourage the Association and indemnity insurance companies to refuse to make the initial payment, and thereby preclude the claimant from applying to the courts for redress.

[6] Nor do we agree with the contention, made in the fourth assignment, that the evidence does not justify the submission of issue No. 3, to wit:

"Do you find that the plaintiff matured the entire claim or amount due under said award prior to the .filing of this suit?"

Plaintiff testified that he authorized his attorney to file suit for the whole amount due. This was in effect a maturing on his part of the amount due.

All assignments are overruled, and the judgment is affirmed.