### TEXAS EMPLOYERS' INS. ASS'N v. VESTAL. (No. 8611.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 24, 1925. Rehearing Denied March 26, 1925.)

**1. Master and servant ⟐416½, New, vol. 11A Key-No. Series—Order for compensation held sufficiently final to predicate suit thereon.**

Order of Industrial Accident Board for compensation not to exceed 401 weeks *held* sufficiently final to predicate suit thereon under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, notwithstanding article 5246—25, permitting board to revise such orders.

**2. Master and servant ⟐416½, New, vol. 11A Key-No. Series—Filing of suit held to exclude jurisdiction of Accident Board to change award.**

Filing of suit on compensation award under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, *held* to exclude jurisdiction of Accident Board to change award, and therefore exclusion of subsequent order of Board was not error.

**3. Master and servant ⟐416½, New, vol. 11A Key-No. Series—Judgment for compensation in lump sum without proof of physical condition error.**

In action for refusal of insurer to fulfill terms of compensation award, judgment for entire amount of award in lump sum, representing compensation for many weeks in future, without determination of actual condition of claimant to ascertain to what he might be entitled thereafter *held* error.

**4. Master and servant ⟐416½, New, vol. 11A Key-No. Series—Exclusion of testimony as to disability held error.**

In action against insurance company for failure to pay award of Accident Board, exclusion of testimony to show claimant was not suffering from any disability resulting from injuries *held* error.

**5. Master and servant ⟐391½, New, vol. 7A Key-No. Series—Tender held insufficient to prevent recovery of penalty and attorney's fees by compensation claimant.**

Where claimant, under award of Accident Board, was forced to sue, claiming penalties provided for in Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, subd. 2, tender by insurer after suit was brought, without including statutory penalty for delay to time of tender or attorney's fees, *held* insufficient to prevent recovery of penalty and attorney's fees.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by B. A. Vestal against the Texas Employers' Insurance Association. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Morris, Sewell & Morris, of Houston, for appellant.

Thomas R. Cox, A. C. Allen, and C. E. McVey, all of Houston, for appellee.

GRAVES, J. On June 1, 1923, appellee sued appellant upon an award in his favor against it of the Industrial Accident Board, of date April 26, 1923, in his subsequent trial petition alleging its failure and refusal without justifiable cause to comply therewith, and as a consequence seeking to visit upon it the pains and penalties provided for in section 5a, paragraph 2, part 2, of the 1917 amendment to the Employers' Liability Act, being article 5246—45, subd. 2, Vernon's Ann. Civ. St. Supp. 1918.

He further averred that the award had neither been appealed from by either party within the 20 days allowed by the act, nor had there been up to that time any modification of it by the Accident Board or agreement of the parties; that by its terms appellant had become legally bound to pay him $15 per week, beginning with October 22, 1922, and continuing for a period of not to exceed 401 weeks, unless changed by subsequent order of the Accident Board or agreement of the parties, upon a finding by the Board that the injury he had received while in the course of his employment for appellant's insured had caused a total incapacity that would continue for an indefinite time in the future; that he was totally disabled for life, and that "plaintiff here and now exercises his 'right to mature the entire claim,' and by the filing of this suit does mature the said entire claim, said suit being filed to 'collect the full amount thereof,' said claim being based upon and for the maximum compensation provided for under the Employers' Liability Act, amendment of 1917, namely, $15 per week for a total of 401 weeks, together with the 12 per cent. penalties and attorney's fees provided for in the said act." After a further count for attorney's fees, his prayer was "for judgment against defendant for the full amount of plaintiff's claim, matured under the established rule of present worth, less a credit for 23 weekly payments at the said rate of $15 or $345, plus 12 per cent. penalty on the unredeemed liability, plus reasonable attorney's fees of $1,500, and for costs of suit, and for such other and further relief, special and general, in law and in equity, to which plaintiff may show himself entitled."

Appellant answered with general and special demurrers and denials, further averring that it had not defaulted in or refused to make the awarded payments since March 24, 1923, as charged, but had both before and after the filing of his suit tendered them to appellee as they became due, and he had refused to accept them; that on October 13, 1923, after due notice to all parties at interest and a proper hearing upon the matter, the Accident Board had reopened and changed the award sued upon of April 26, 1923, finding that appellee's condition had

since that time so improved that all incapacity from his injury would be ended by February 24, 1924, and decreeing in consequence thereof that all payments of compensation directed in the first order should terminate completely on this last-mentioned date, further providing for the redemption of the liability intervening between the two orders in a lump sum, and that compliance with them both as so modified should acquit appellant entirely under the claim.

It was also alleged that the modified order of October 13, 1923, was then in full force and effect; that appellant had tendered to appellee the amounts due thereunder, which had been refused; and that it was then tendering them into court. It prayed for a discharge from all liability.

By supplemental pleading appellee alleged the finality of the Accident Board's first order, the invalidity of the second one of October 13, 1923, because of the supervening of the trial court's jurisdiction over the controversy by the prior filing of the suit on June 1, 1923, and prayed as formerly.

The cause was tried on the 15th day of November, 1923, before the court, without the intervention of a jury, and on that date judgment was rendered in favor of appellee against appellant for the sum of $5,674.24, such amount representing the value of 401 weekly payments of $15 each, less 6 per cent. discount, and less the amount of $345, representing previous payments plus interest, and plus 12 per cent. penalties and $500 attorney's fees allowed appellee. From that judgment this appeal is prosecuted by the Insurance Association.

The court found that appellant had, without justifiable cause, failed to abide by the orders of the Accident Board under the award of April '26, 1923, in that it had refused, after proper demand, to pay appellee any of the compensation therein provided for, no payment having been made subsequent to the 24th day of March, 1923, although $345 had been paid to him prior to the action of the Board upon the claim, and that accordingly it had become necessary for appellee to employ attorneys to protect his rights and to file this suit, which had been done on June 1, 1923.

Appellant attacks this finding as being against the evidence, claiming that the proof failed to show such a refusal as is contemplated by the law before a claimant would be entitled to resort to the courts in an action to mature the award of the Accident Board.

We have carefully examined the statement of facts reflecting the evidence upon this issue, and are convinced that, while there was a sharp conflict in the testimony, the trial court was fully justified in making the finding.

In this connection, however, it is further contended that—

"The action of appellee in instituting his suit did not deprive the Board of its reserved jurisdiction to reopen and review its first award upon its own motion, or upon the application of any interested party, upon a showing of change of condition."

[1] Neither can this position, nor appellant's related one to the effect that the order sued upon was not such a final ruling as to constitute the basis of a suit in the courts under subdivision 45 of article 5246, be sustained; the Accident Board's action as therein evidenced was a complete disposition of the matter as it then stood before it, and was therefore a final ruling and decision upon the claim under the facts at that time existing; of course, it was not, like "the law of the Medes and Persians, which altereth not," an absolute and unchangeable one in the sense that it could not be altered on the subsequent development of new conditions, but it not only unconditionally determined all rights involved as of that date, but permanently so unless and until, at some time thereafter within the compensation period, "a change of conditions, mistake, or fraud" should be shown; in other words, the only issue before the Board was whether or not the claimant was entitled to compensation, if so, upon what terms and conditions, and that was fully determined. Guaranty Co. v. Parsons (Tex. Civ. App.) 226 S. W. at page 420, pars. 1 and 2.

The express right of the Board to afterwards review its awards upon the coming in of changed conditions, given by article 5246—25, Vernon's Ann. Civ. St. Supp. 1918, has reference and application only to its powers and jurisdiction over its own orders, not to the comparison of them with or the distinguishment of them from those of the courts, and that is evidently all in that respect the court meant to hold in the case of Underwriters v. Hayes (Tex. Com. App.) 240 S. W. 904, invoked by appellant in this connection; that was an instance in which the claimant for compensation had sought to invoke the court's authority by an attempted appeal from the Board's order, pursuant to subdivision 44 of article 5246, but had not properly perfected it, and the decision simply determined that, in the absence of the full perfection of an appeal which would have removed the cause to the courts, the Accident Board's power to revise its own orders under subdivision 25 of the same statute was unimpaired.

Obviously this section was not intended to confer upon the Board such complete control over the whole subject of the claim throughout the full compensation period as to exclude, except in cases of appeals, the jurisdiction of the courts, whatever the circumstances, as that would have made succeeding section 45 a senseless appendage.

It further seems to us that, if the courts

could acquire jurisdiction by a properly perfected appeal under section 44 of an order as being a "final ruling and decision of the Board," which, like the one here involved, only awarded compensation in monthly installments to continue indefinitely into the future—not to exceed a specified number of weeks, and until and unless thereafter changed—as has been held they could (see U. S. F. & G. Co. v. Parker [Tex. Civ. App.] 217 S. W. 195), then they could also do so under section 45, if the facts there necessary to justify resort to the courts at all existed, as we have held the court properly found was so here; in other words, the same kind of an order of the Board would in either instance be "a final ruling and decision."

[2] Under these views, we therefore conclude that, not only did the jurisdiction of the trial court over this claim attach on the filing of this suit, but to the exclusion of that of the Accident Board to the same extent as an appeal would have done, and that the latter could thereafter exercise no control over it inconsistent with the court's control. See Underwriters v. Hayes, supra (2) at page 907.

It follows that no error was committed in the exclusion of the Board's order of October 14, 1923, made after the court had entertained the cause.

This brings us to the remaining question the cause presents: What should have been the scope of the judgment?

[3, 4] After carefully considering the matter, we conclude that the court erred in allowing appellee a lump sum representing the present value of 401 weeks' compensation, together with the penalty and attorney's fees thereon; the lump sum should have been restricted to the aggregate of the $15 weekly installments due up to the date of the trial, and the further recovery to such future weekly installments, if any, as it was determined appellee was entitled to, based upon what the court then found his physical condition to be; to this should have been added the statutory 12 per cent. penalty on the amount so adjudged, together with reasonable attorney's fees for the bringing and prosecution of the suit. The statute involved (article 5246—45, subd. 2) has been so construed by the Fort Worth Court of Civil Appeals, and this court is content to accept that view of it as being the proper one. See U. S. F. & G. Co. v. Parsons, 226 S. W. 418.

Appellant proffered testimony tending to show that at that time the appellee was not suffering from any disability resulting from his injuries, but the court declined to receive it; this also was error.

Counsel for the appellee earnestly urges in this connection that his suit was not upon the Accident Board's award at all, but was an independent action under the second paragraph of section 45, article 5246, "to mature the entire claim," and that the distinct right to do that was there given him. We cannot agree with him, preferring rather, as before stated, to follow the Court of Civil Appeals for the Second District in what appears to be a directly contrary conclusion in the Parsons' Case, supra.

We also think appellee's position in this regard is denuded of strength by the further consideration that, both by his pleading and proof, he confined himself in legal effect to the Board's award; that is, he not only sued and declared upon the award as such, but also relied solely upon it in proof, offering no testimony whatever to prove up his claim as distinguished from it; indeed, he went further, and by his objections upon the trial to this proffered testimony of appellant tending to open up his status independently of the award and to show that the requisite physical disability did not underlie his claim prevented any inquiry into the matter. The award could in no proper sense be said to have proved up "the entire claim," and the latter was not otherwise established.

[5] The tender made by appellant a short time after the filing of this suit, as appears from the agreement concerning it in the statement of facts, was not such a one as affected the appellee's right either to the 12 per cent. penalty on the accrued sum the court should have awarded him, or to reasonable attorney's fees for bringing and prosecuting the suit, because it was only for compensation due up to the time the suit was filed, not embracing any penalty for delay till then, or any attorney's fees, which, preceding delay and refusal to pay, had forced the appellee to sue.

Further discussion is deemed unnecessary. For the errors pointed out the judgment must be reversed and the cause remanded. That is accordingly done, with directions to the trial court to hear evidence as to the physical condition of the appellee at the time of and subsequent to the former trial, and then to enter judgment in his favor as follows: (1) For the aggregate amount of the $15 installments accrued up to the date of the former trial; (2) for a 12 per cent. penalty thereon; (3) for what the court may determine to be a reasonable attorney's fee for bringing and prosecuting the suit; (4) for such sum, if any, after taking into consideration his physical condition between the two trials, as it may find shall have accrued during that period; (5) for such weekly payments from and after the date of the judgment then being rendered as it may, based upon his physical condition at that time, find the appellee entitled to, subject, however, to the maximum period prescribed in the Compensation Act and its further provisions relative to the reopening of the cause on the subsequent development of different conditions.

Reversed and remanded, with instructions.