## TEXAS EMPLOYERS' INS. ASS'N v. HARRINGTON.

### No. 1117.

Court of Civil Appeals of Texas. Eastland.

May 19, 1933.

Rehearing Denied June 9, 1933.

Lawther, Cox & Cramer, of Dallas, for appellant.

Scarborough, Ely & King, of Abilene, for appellee.

LESLIE, Justice.

This is an appeal by the Texas Employers' Insurance Association from a judgment maturing an award of the Industrial Accident Board. The ground for maturing the same was alleged to be the association's failure or refusal, without justifiable cause, to make weekly payments under the award. The suit was brought under the provisions of article 8307, § 5a, R. S. 1925.

The appellee Harrington alleged he was a resident of Taylor county, and that, while in the course of his employment with the Stanolind Oil & Gas Company, a subscriber with the appellant, he received, on October 1, 1931, in Ward county, Tex., injuries which resulted in total and permanent disability. In a sense the appellant assumed liability and paid 22 weeks' compensation while proceedings were pending before the board.

The appellant insurance association did not give notice of appeal or perfect its appeal within the time required by law and it is contended by the appellee that the association refused to make payments on or before twenty days after March 7, 1932, as required by the award. The plaintiff also sought recovery of 12 per cent. penalty and a reasonable attorneys' fee. The trial was before the court without a jury, and the judgment is attacked by ten propositions of law, which will be considered seriatim.

The first, second, and third propositions are leveled at the order of the trial court in overruling its plea in abatement. They are, in substance, that, the appellee's suit being based on an alleged "failure to pay any installment under the award" and not upon a suspension of payments theretofore made under the award, the case is governed by the first paragraph of section 5a, art. 8307, R. S. 1925, the effect of which, it is contended, would place the venue of the suit exclusively in Ward county, the place of the accident.

The point seems not to have been directly passed on, but we do not believe it involves any difficulty. The different paragraphs of

section 5a are not in conflict with each other. The second paragraph is more comprehensive than the first, and by its own terms it is made especially applicable to suits arising under section 5a. The last sentence in the second paragraph specifically states: "Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

Further, the second paragraph deals with the rights of an injured employee or his beneficiary where the board has made requirements of "weekly or monthly payments." Weekly payments are involved in the instant case, and the second paragraph is peculiarly applicable. This conclusion is believed to be supported by authority.

In Minor v. Ins. Co. (Tex. Civ. App.) 267 S. W. 1020; Id. (Tex. Com. App.) 280 S. W. 163, the point was not discussed, but since it is one that goes to the jurisdiction of the court, and no notice was taken of it by either court, the clear implication is that such suit may be filed in the county of the claimant's or beneficiary's residence. See Indemnity Ins. Co. v. Sparra .(Tex. Civ. App.) 57 S.W.(2d) 892, 893.

These propositions are overruled.

By propositions 4 and 5 it is insisted that the court's judgment is not supported by the testimony in that the weekly award was payable at the office of the Texas Employers' Insurance Association twenty days after the award, and that no demand was made on the association for the same, and consequently no refusal on its part to pay. In other words, the judgment is challenged on the ground that there is no basis in the testimony for it. This calls for a consideration of the statement of facts. We find that it, in substance, discloses that Harrington was injured October 1, 1931; that the initial payment of $20 per week was made by the company October 12, 1931; the claim was duly placed before the Industrial Accident Board, which acted on it March 7, 1932, awarding claimant compensation at the rate of $20 per week for 401 weeks, less $440 theretofore paid him between the date of injury, October 1, 1931, and February 5, 1932. Neither party gave notice of appeal from the award of the board. Consequently none was perfected. Therefore, on the expiration of twenty days in which to give such notice, the first payment under the terms of the award fell due and became payable absolutely. It was not paid on that date, but a check for that purpose was forwarded by the association to the injured employee on April 6, 1932. This check was promptly returned to the association by Harrington, who had, prior thereto, instituted this suit in the district court of Taylor county, April 2, 1932. In other words, five days elapsed after the pay-

ment should have been made and the filing of the suit, and nine days after such due date, and the tender of the delayed payments under the award. Of course, it is the appellee's contention that the failure or refusal to pay was without justifiable cause, therefore warranting the suit. The one chief excuse for the delay or refusal is that the claimant did not call at its office and make demand for the payment. The claimant's reply to this contention is that it was a useless and vain thing to do, since he was warned and advised in advance by the agent of the association, one R. P. Hervey, that such payments would be henceforth refused and the case appealed. Upon this phase of the case there is no material difference in the testimony of appellee's wife and appellant's agent Hervey. She testified:

"Q. Your name is Mrs. J. J. Harrington? A. Yes sir.

"Q. Are you the wife of J. J. Harrington? A. Yes sir.

"Q. On the 16th day of March of this year, did you have occasion to go to the office of defendant, Texas Employers Insurance Association? A. Yes sir, I did. * * *

"Q. When you went in there on the 16th and asked for the company's check, what did Mr. Hervey tell you? A. He told me he did not know whether it had come or not. The stenographer went to see and she said we had one due about the 11th but it had not come. He (Hervey) asked me if an award had been made. I said 'Yes.' He said, 'Well, this automatically stops your check. You will not get any more.' * * *

"Q. What, if anything else, did he say to you? A. He asked if I knew in what county the accident occurred. I told him in Ward County. He asked me the name of the county site. I told him Barstow. He wanted to know when the award was made. I told him on the 7th. He said they would go ahead with the proceedings in proper time and when I started out he told me he would see me in the courthouse at Barstow.

"Q. Who is Mr. Hervey? A. He is the Texas Employers Insurance manager."

Touching upon the same matters, and in response to appellant's counsel, Hervey testified, in part, as follows:

"Q. When was Mrs. Harrington in your office the last time before this suit was filed? A. March 16th.

"Q. At that time did she tell you whether or not an award had been made? A. Yes sir.

"Q. When did she say it was made? A. March 7th.

"Q. What did you tell her with reference to that? A. I told her that would ordinarily suspend the compensation until we knew what the award was.

"Q. In other words, what did she tell you

about the award? A. She told me that the board had awarded them everything that they asked for. I asked her if she meant 401 weeks and she said it did.

"Q. Did you tell her that suspended it for any length of time? A. Until at least the award became final, and if they had awarded her, as they plead, which I assumed was 401 weeks in a lump sum, that anyhow it would be a litigated issue, don't you see.

"Q. Did you tell her that if the award was appealed that then of course you would have to meet her in the courthouse? A. Yes sir. * * *

"Q. At any rate, you didn't send out any checks until the 6th of April? A. No sir. * * *

"Q. You made no effort to pay until the 6th, did you? A. There was no demand on me for the award."

The record also shows that the notice of appeal from the award of the board was actually given on March 30, 1932, after time for doing so had elapsed. Also a motion for rehearing before the board was filed by the association April 11, 1932. This was considered and rejected by the board. Notice of unwillingness to abide by this later decision was also given April 12, 1932, but it was not followed up by suit.

■■ From the foregoing it is clear that the appellee, on March 16th (within the twenty days allowed for giving notice of appeal), demanded payment of compensation under the terms of the policy and the award. A payment under the award fell due March 11th. The above excerpts from the testimony of the wife of the claimant, as well as the agent of the company, taken alone or in connection with the other testimony, show that such payments were rejected with the declared purpose of the appellant to litigate the matter. This being the attitude of the company, as evidenced by its agent and manager, the claimant was under no duty to return and seek payment of the award. In this conclusion we are not deciding whether or not there are any circumstances that would make it incumbent on claimant to appear and make demand on the company for compensation. Under the law, in the absence of a bona fide appeal, or justifiable cause, it was mandatory that the weekly payments be made in accordance with the award. When the association failed or refused to make the payment within or at the end of the twenty days for giving notice of appeal, the appellee's cause of action accrued, and the association therefore subjected itself to this suit. As said in Minor v. Accident Co. (Tex. Com. App.) 280 S. W. 163, 165: "Its failure to comply with this obligation—to pay the amount due at once, and to make the weekly payments promptly as they matured—constituted prima facie a failure and refusal to abide by the order, and

gave to the plaintiff in error the right to institute suit upon the order of the board to establish same."

The statute is the only yardstick by which to measure the rights of the parties, and the act specifies no days of grace, unassociated with justifiable cause, in which the company may with safety indulge procrastination in the payment of its obligation to an injured employee. In the case last cited prompt payment before or upon the expiration of the statutory twenty-day period for giving notice of appeal was not made, and the company defaulted or neglected to comply with the award for about two weeks before suit was filed. It was there held that such neglect to pay the award entitled the plaintiff to mature the entire claim and recover the total amount of the award, together with penalty and reasonable attorneys' fees. It was also there determined that "mere neglect was not a legal showing of justifiable cause." The opinion in that case has also been construed as holding that it is plain and positive law that prompt payment of an uncontested award beginning "at once" upon the expiration of the statutory period of twenty days must not be neglected. Dixon v. U. S. F. & G. Co. (Tex. Civ. App.) 293 S. W. 291, 294 (writ dismissed).

In this last authority a delay of four days after the expiration of twenty days for notice of appeal in the absence of good cause was held to be unjustifiable on the part of the company, and to afford a sufficient predicate for this character of suit. In that case, and concerning the circumstances of the delay, the court said: "Such facts, as well as the entire record, clearly reflects innocence on the part of the insurance company, acting through its officer, of any actual wrongdoing or bad faith respecting the award or the regular payment of the weekly compensation. The insurance company displayed entire good faith, as is manifest, in paying the compensation before the award, and in offering to pay accrued compensation after it knew of the decision and award by the board. Yet the insurance company has, in the specific facts, made actual default of compliance with and prompt payment of the award. And it is for this failure to act and pay 'promptly' that the insurance company must be judged."

It is also there held that, by the use of the words "at once" and "promptly" in the statute, it was meant to emphasize that the compensation should be paid as it becomes due under the award, not later than the expiration of the twenty-day period from the date of the award in case all parties accept the same. We agree with the construction given these statutes by the foregoing authorities.

In the case of Ocean Accident & Guarantee Corp'n v. Manning (C. C. A.) 24 F.(2d) 202, facts similar to those involved in this case were under consideration. That suit was brought under the same statute. There no-

170

tice of appeal from the board's award was given. The twenty days in which to file suit expired November 1st, and nothing was done to comply with the award during the twenty days, nor until November 5th, on which day the plaintiff filed suit and the company issued a voucher for the matured weekly payments. This reached the claimant on November 6th and was by him returned to the company. In that case justifiable cause being absent, recovery was sustained in the district and circuit courts, the latter citing as authority Minor v. London Gty. & Acci. Co., supra; Texas Employers' Ins. Ass'n v. Vestal (Tex. Civ. App.) 271 S. W. 225; Id. (Tex. Com. App.) 285 S. W. 1041; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195, 196.

From the foregoing it appears that in the Minor Case the company defaulted about two weeks in complying with the award, four days in the Dixon Case, four days in the Manning Case, whereas in the instant case there was a failure or refusal to pay for a period of five days.

In the light of the authorities, we think the facts and circumstances of the instant case disprove the existence of any justifiable cause warranting the company's failure to make prompt payment of the installments of the award. There is no showing of a sufficient reason for not making the same. As said of the Dixon Case, it cannot be said of this one that the record "reflects innocence upon the part of the insurance company, acting through its officer."

Taking the most liberal view of the language of its duly authorized agent to the wife of the injured employee when she, on March 16th, applied at his office for the payments, and then informed him that an award had been made her husband, it amounted to a refusal of further payments, as well as an ultimatum to the claimant to meet the company in the courthouse of a distant county. The appellant's belated notice of appeal from the final decision of the Industrial Accident Board of March 7th, made as late as March 30th, manifests an unwarranted and ineffectual method or disposition to postpone the prompt payment contemplated by the law. The testimony generally warrants the judgment on this phase of the case. The fourth and fifth propositions are overruled.

Our conclusions with reference to propositions 1, 2, and 3 necessarily overrule proposition 6.

Propositions 7 and 8 present the contention that plaintiff's pleadings should have contained allegations of the reasonable discount on future installments where the same are matured by the judgment of the district court. This character of suit is specially authorized by the statute, and the proceeding is designed to aid in the enforcement of awards of the Industrial Accident Board. Article 8307, R. S. 1925, § 5a and section 5 (amended by Acts 1931, c. 224, § 1 [Vernon's Ann. Civ. St. art. 8307, § 5]). That statute makes no provision for discount on future installments matured under the circumstances of a case like this. These propositions are overruled.

Proposition 9, attacking the judgment for allowing an excessive attorneys' fee, is overruled, since the testimony warrants the recovery of the fee allowed. The special statute provides for such fee.

Proposition 10 attacks the judgment as being excessive, but in doing so erroneously assumes that the attorneys' fee was $750. There is no showing in the record that the court only allowed $750 as attorneys' fees. By calculation we determine that the fee was $910.40. The proposition resting upon a false assumption is without merit, and is therefore overruled.

The appellant's failure and refusal to make the payments in accordance with the award of the Industrial Accident Board distinguishes this case from Franco v. Texas Employers' Insurance Ass'n (Tex. Civ. App.) 29 S.W.(2d) 902. There was no failure or refusal there, and the case has no application here.

For the reasons assigned the judgment of the trial court is affirmed.