## DIXON et al. v. UNITED STATES FIDELITY & GUARANTY CO.  (No. 3317.)

Court of Civil Appeals of Texas. Texarkana.
Dec. 30, 1926.

Rehearing Denied Jan. 13, 1927. Writ of Error Dismissed for Want of Jurisdiction March 16, 1927.

1. **Master and servant** ⬤➾391½—Words "at once" and "promptly" mean compensation should be paid as it becomes due under terms of award (Rev. St. 1925, art. 8307, §§ 5, 5a).

Words "at once" and "promptly," as used in Workmen's Compensation Law (Rev. St. 1925, art. 8307, §§ 5, 5a), were meant to emphasize that compensation should be paid as it became due under terms of award beginning not later than at expiration of 20-day period provided from filing of award in case all parties acceded to such award.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, At Once; Promptly.]

2. **Principal and agent** ⬤➾177(1)—Principal is bound by agent's knowledge.

Principal is bound by knowledge of agent.

3. **Corporations** ⬤➾428(1)—Corporations are held responsible for knowledge which is possessed by their representatives.

Corporations, as well as natural persons, are held responsible for knowledge which is possessed by those whom they appoint as their representatives.

**4. Attorney and client ☜104—Notice· to attorney is notice to client employing him.**

Notice to attorney is notice to client employing him, since knowledge of attorney is knowledge of his client.

**5. Master and servant ☜391½—Industrial Accident Board is not required to give notice of filing of award to both attorney and insurance company.**

Industrial Accident Board is not required to give notice of filing of award of compensation to employee to both insurance company's attorney and the company.

**6. Master and servant ☜391½—Notice to insurer's attorney held sufficient notice of filing of award, though insurer did not receive notice.**

Where notice was given to insurance company's attorney of filing of award of compensation to employee by Industrial Accident Board, *held* insurance company had sufficient and timely notice, notwithstanding adjusting or paying officer of company did not receive notice because notice mailed to company did not reach them.

**7. Master and servant ☜391½—Compensation claimant held entitled to mature entire claim and recover award with penalty and attorney's fees for default in payment (Rev. St. 1925, art. 8307, §§ 5, 5a).**

Where notice of filing award of compensation by Industrial Accident Board was given to insurance company's attorney, but notice mailed to company did not reach them, and insurance company offered to pay upon learning of award four days after expiration of 20-day period from date of filing of award during which suit may be brought to set aside award under Rev. St. 1925, art. 8307, §. 5, claimant was entitled to mature entire claim and recover total amount of award, together with 12 per cent. penalty and reasonable attorney's fees under section 5a, since justifiable cause was not shown for default.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by Annison Dixon and others against the United States Fidelity & Guaranty Company. From a judgment for defendant, plaintiffs appeal. Reversed and rendered.

The Gifford Construction Company was a subscriber to the Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), through and by virtue of a policy of compensation insurance carried with the United States Fidelity & Guaranty Company, and had in its employ Annison Dixon, the appellant, who sustained injuries while engaged in the course of his employment on July 2, 1925. The average weekly wage of Annison Dixon was $17.31, and, in view of the character of the injury sustained, the consequent legal rate of compensation allowable to him was the sum of $10.39 per week for the total period of 78 weeks. On March 15, 1926, the Industrial Accident Board made an award to him of the compensation of $10.39 per week for the period of 78 weeks, beginning to accrue on July 10, 1925, and being payable weekly thereafter as each installment payment accrued until the full period of 78

weeks had expired. On April 17, 1926, the appellant filed this suit seeking to mature total amount of award and to recover such amount, together with 12 per cent. penalty and reasonable attorneys' fees. It was alleged, as material, as follows:

"The plaintiff states that such judgment and award is final and is now in full force and effect, and is the final order, ruling and decision of the Industrial Accident Board, that the defendant had wrongfully failed and refused without justifiable cause to comply with or pay the said judgment, and has failed to bring suit in the county where the injury occurred to set such judgment aside within the time allowed for so doing; and this plaintiff now elects to declare, and does declare, said indebtedness matured as a whole, together with 12 per cent. damages and reasonable attorneys' fees."

The company answered by general denial, and specially pleaded "that it has at all times since it learned of the making of the award been ready, willing and able to comply with the terms thereof, and has offered to comply with the terms thereof, but that the plaintiff has refused to accept any payments under the award in accordance with the terms thereof and has refused to accept any sum thereunder except a sum equal to the entire amount, and has by his acts and conduct relieved this defendant of the necessity of making a legal tender of each weekly installment as it accrues." The defendant also set up certain credits, which the plaintiff allows.

It was shown that for the period commencing July 10, 1925, and ending November 27, 1925, the appellee, acting under the policy of insurance carried, and by some special arrangement, sent weekly checks to the Gifford Construction Company at Marshall as compensation to Annison Dixon. The amount of each check was $10.38. It appears that, after the check of November 27 was delivered to Annison Dixon by the Gifford Construction Company, he received no more checks. The attorneys, employed by Dixon, on December 18, 1925, wrote to the insurance company calling their attention to the fact that Annison Dixon was no longer being paid compensation. No reply was made to the letter, and later, on March 3, 1926, the claim was formally filed before the accident board. As a fact the insurance company issued other checks thereafter from November 27, 1925, to March 2, 1926, and sent them to the Gifford Construction Company at Marshall. These checks, it appeared, were returned to the insurance company, at Dallas, unpaid. The checks were not delivered to and did not reach Annison Dixon, and he never cashed them.

The present controversy is explained in the evidence of the two witnesses as herein given. One of the attorneys for the insured, and acting for him, testified:

"Our firm filed this suit for A. Dixon, claiming the full sum of the award with penalty and attorney's fees. Dixon turned it over to our firm for collection. We also filed the claim in the first instance, before the board. The award

of March 15, 1926, was the result of the hearing before the board. After the award by the accident board, and after the expiration of the 20 days thereafter, Mr. Chamberlain, representing the insurance company came into our office and asked me what we were going to do with the claim. I told him I had been waiting for the time to expire within which the insurance company could file a suit, and that it had expired. He said the insurance company had been regularly sending compensation checks to the Gifford Construction Company (previous to the award of the board), and asked if I would accept those returned checks as a credit on the account. I told him I didn't know what effect that would have on the case, as I had been waiting for the time to expire to declare the award due and expected to bring suit. We then began discussing another matter. That conversation was about April 9. Mr. Chamberlain is an adjuster connected with the defendant. He was in our office discussing other claims, and brought up this one. I showed him a copy of the award of the Industrial Accident Board in this case. He told me that was the first time he knew the award had been made—that a notification of the award had not for some reason been received from the attorneys. * * * I told Mr. Chamberlain I was going to mature the award and claim the penalty and attorney's fees. He then asked me if I wouldn't reopen the matter. He said he was going to try to reopen the matter, as he did not get the notice. * * * The defendant at no time after the award ever offered to pay me as attorney for Dixon any sum of money on the award —only the checks sent to the Gifford Construction Company."

Mr. Chamberlain testified:

"The date of this award was March 15, 1926. I have had quite a lot of experience and the company a great deal of business with the Industrial Accident Board. The United States Fidelity & Guaranty Company has more compensation insurance in force in Texas than any other company except the Texas Employers' Insurance Association. When a claim is submitted to the board it is our practice to withhold compensation until the board makes its award. We cannot know what the board's award will be, and we want to issue checks in accordance with the board's order, and we hold up payments until we get the award. The board universally sends us a copy of the award. The board takes the hearing under advisement. The board notifies us of the award. This award was made 12 days after the matter was submitted, and that is a short time for the board to hold the matter under advisement from my experience. It is usually longer than that. I recall one case pending something like 9 months. I first learned that the board had made an award on April 9, when I was in Mr. Gibson's office. He showed me a copy of the award on that date. I did not know the award had been made prior to that time, and that was the first intimation I had that the board had decided the claim. When I was shown the copy of the award I agreed to pay him the compensation that would be due on that date under the board's award. He would not accept it, because the 20 days had expired since the board had made the award, and he would make an effort to mature the award. We would have paid the award if we had

known of it. I offered to pay him what would have been due up to that time. * * * We had attorneys to represent us before the board."

The following facts appear to be conceded in the record that: The award of the board was formally entered on March 15, 1926. Neither the insurer nor the insured gave notice of refusal to abide by the award, or filed suit to set aside such award. The insurer has never disputed the justness of the award. The insurer did not promptly pay the weekly installments due under the award, and did not offer to pay until April 9, 1926, when the insurer offered to pay the attorneys representing the insured the compensation due that date under the award of the board, but such offer and tender was refused. On April 17, 1926, the present suit was filed. The accident board promptly mailed to the attorneys representing the insurance company before the board a copy of the award, and the attorneys knew that the award was formally made. The board at the same time mailed a copy of the award to the insurance company at Dallas. The attorneys resided at Austin. The insurance company did not receive the copy of the award mailed to it by the board due, it is claimed, to "a miscarriage in the mails."

The case was submitted to the jury, over the objection of the plaintiff, on the following issue:

"Q. Did the defendant have justifiable cause for failing or refusing to comply with the decision of the Industrial Accident Board of the state of Texas rendered in the case of A. Dixon, Employee, v. Gifford Construction Company, Employer, on March 15, 1926."

The jury answered, "Yes." In keeping with the verdict of the jury the court entered judgment denying the plaintiff the right to mature the entire award of the accident board and to recover the 12 per cent. penalty and attorneys' fees.

S. P. Jones, of Marshall, and Barret Gibson, of Fort Worth, for appellants.

Seay, Seay, Malone & Lipscomb, of Dallas, and Bibb & Caven, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] The question presented on the appeal is the legal correctness of submitting "justifiable cause" as an issue of fact to be determined by the jury, the action being under the statute to collect the total amount of the weekly payments awarded by the board, together with the penalty and attorney's fees. The appellant insists that the exculpatory facts, on which the verdict is based, is not a showing, as a pure matter of law, of a sufficient reason for failing to pay the award promptly, as done by the appellee, and therefore the judgment should be reversed and judgment here entered in his favor. The appellee contends that the facts

are sufficient to carry the question to the jury for decision, and therefore the judgment should be affirmed. The material facts are substantially without dispute. The award of the Industrial Accident Board, allowing weekly payments, was formally filed by the board on March 15, 1926. All parties thereto acceded to and abided by the ruling and decision, and did not give notice or file suit, as required, to set the award aside. It was an uncontested award from the date of filing it by the board. The appellee did not, as admittedly shown, pay the weekly payments as they matured under the terms of the award, nor offer to pay same until April 9, 1926, more than 20 days after the award. On April 9, 1926, there was due and unpaid, under the terms of the award, the sum of the weekly payments from the week ending November 27, 1925, to the week ending April 9, 1926, being as much or more than 15 weekly payments, each in the sum of $10.39. In such facts as stated; and under the terms of the statute, the legal duty to the insured employee owing by the insurance company was to "at once comply with" or pay the compensation allowed according to the terms of the award, upon the expiration of the statutory 20-day period, and thereafter as the weekly payments regularly matured to pay same promptly as they mature." Article 8307, §§ 5 and 5a, Rev. Stat. The words "at once" and "promptly" were meant to emphasize that the compensation should be paid as it became due under the terms of the award, beginning not later than at the expiration of the 20-day period provided from the date of the filing of the award in case all parties acceded to such award. Consequently, the act of the insurance company in failing to make payment of the uncontested award, according to its terms, on the precise date due, must be relieved against, if at all, in the "justifiable cause" offered as explanation thereof. As applied to the instant case, the exculpatory facts relied upon and made the basis of the verdict are to the effect: That the adjusting or paying officer of the insurance company failed to receive the copy of the award mailed to it at the Dallas office by the Industrial Accident Board, and did not know of the filing of the award. That if the said official of the insurance company had received the copy of the award, or otherwise had known of the award, prompt compliance with its terms would have followed, as the insurance company was able and willing, and, acting through this officer, intended to comply therewith. That the said adjusting officer of the insurance company offered to pay all the accrued payments immediately upon the ascertainment of the award, being only 25 days from the date of the award. Such facts, as well as the entire record, clearly reflects innocence on the part of the insurance company, acting through its officer, of any actual wrongdoing or bad faith respecting the award or the regular payment of the weekly compensation. The insurance company displayed entire good faith, as is manifest, in paying the compensation before the award, and in offering to pay accrued compensation after it knew of the decision and award by the board. Yet the insurance company has, in the specific facts, made actual default of compliance with and prompt payment of the award. And it is for this failure to act and pay "promptly" that the insurance company must be judged. The chief weakness as a justifiable cause, as is apparent, lay in the admitted fact that the attorney actually representing the insurance company before the board was timely served by the board with a copy of the award filed, and "knew the award was made" or filed.

[2-6] The principal, according to a settled rule of law, is bound by the knowledge of the agent. Corporations, as well as natural persons, are held responsible for the knowledge which is possessed by those whom they appoint as their representatives. Notice to an attorney is notice to the client employing him. 6 C. J. § 144, p. 638. The knowledge of the attorney is the knowledge of his client. Riordan v. Britton, 69 Tex. 198, 7 S. W. 50, 5 Am. St. Rep. 37; 6 C. J. p. 638. The rule is but the application of the general law of agency. So that mere failure of the adjuster or paying officer of the insurance company too receive the copy mailed by the board is insufficient ground to place the insurance company in a position or attitude to assert, as a defense, that it should not be held to have notice of the filing of the award. And such position is not different, even though the attorney in good faith relied upon the board mailing a copy to his client. The notice to the attorney, although he did not communicate it to the adjuster, has the same legal effect as to duties to third persons as though his duty had been faithfully performed to his principal or client. The statute does not require, and no rules, as far as this record shows, seem to have been promulgated by the board, requiring notice to be given of the filing of the award to both the attorney and the insurance company. No legal duty in that respect exists. And if any uncertainty arises on the part of those interested in ascertaining just when awards taken under advisement are made and filed, such difficulty was entirely removed in this case by the timely notice to the attorney through delivery of a copy of the award, showing date of filing. It follows from this fact, in legal effect, that the insurance company did have sufficient and timely notice of the filing of the award by the board, notwithstanding the adjusting or paying officer himself did not

have or receive the notice. Then the nonperformance or failure to promptly pay the award according to its terms was due solely to neglect, or a mere failure to act.

[7] In this light it is difficult to distinguish this case in principle from the case of Minor v. London Guarantee & Accident Co. (Tex. Com. App.) 280 S. W. 163. In the Minor Case the insurance company did not pay promptly before or upon the expiration of the statutory 20-day period, and defaulted and neglected to comply with the award for about two weeks before the suit was filed. It was there firmly held that the neglect to pay the award promptly entitled the plaintiff to mature "the entire claim" and recover the total amount of the award, together with 12 per cent. penalty and reasonable attorney's fees. It was further determined that "mere neglect" was not a legal showing of "justifiable cause." The Supreme Court expressly approved "the holding of the Commission of Appeals on the questions discussed in its opinion." Therefore it appears to be the plain, positive law that prompt payment of an uncontested award, beginning "at once" upon the expiration of the statutory period of 20 days, must not be neglected. However harsh of application it may be in exceptional cases, as is the present one, the ruling must follow that neglect of 4 days is no more justifiable than the neglect of 2 weeks under the terms of the statute. It is believed that, as a matter of pure law, justifiable cause was not shown by appellee for the default.

The case seems to have been tried, as appears, with the view of finally ending the litigation. Attorney's fees were found to be in "the sum of $200 under the evidence adduced in this cause." The judgment is therefore reversed, and judgment is here entered in favor of the appellant for the amount of the award, in a lump sum, less credits thereon, together with 12 per cent. damages and $200 attorney's fees. The costs of appeal and of the trial court will be taxed against the appellee.