## OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, v. MANNING.

Circuit Court of Appeals, Fifth Circuit.
February 10, 1928.

No. 5081.

Master and servant ⊙391½—Finding that insurer under Texas Workmen's Compensation Act failed to make payments awarded injured workman "without justifiable cause" affirmed (Rev. St. Tex. 1925, art. 8307, §§ 5, 5a).

Finding of trial court that insurer under Texas Workmen's Compensation Act (Rev. St. Tex. 1925, art. 8307, §§ 5, 5a) failed to make prompt payments awarded to an injured workman by the State Industrial Accident Board "without justifiable cause," which under the act subjected it to penalty and attorney's fee, affirmed.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action at law by Jesse Manning against the Ocean Accident & Guarantee Corporation, Limited. Judgment for plaintiff, and defendant brings error. Affirmed.

J. H. T. Bibb, of Marshall, Tex. (Bibb & Caven, of Marshall, Tex., on the brief), for plaintiff in error.

F. M. Scott and Jas. T. Casey, both of Marshall, Tex. (Scott & Casey, of Marshall, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, hereafter called plaintiff, was injured while an employee of the Marshall Car Wheel & Foundry Company, which company was protected by a policy of workmen's compensation insurance issued by plaintiff in error, hereafter referred to as defendant. Some time after the accident, and after defendant had begun paying compensation, the matter was submitted to the Industrial Accident Board for the state of Texas for an adjustment of the claim. The board made an award on the 30th day of September, 1926, awarding plaintiff $8.31 per week, beginning December 10, 1925, to continue not longer than 401 weeks, the total award being $3,332.31. Prior thereto defendant had paid $257.61, which left a balance of $3,074.70, payable in weekly installments, $8.31 per week. The Workmen's Compensation Act of Texas (article 8307, R. S. of Texas 1925), in section 5 and section 5a, provides that an interested party objecting to a decision of the board must give notice within 20 days after the ruling that he will not abide by it, and 20 days after giving notice must bring suit to have it set aside, and if the party decided against by the board shall fail or refuse without justifiable cause to make payments promptly as they mature, the injured employee has the right to institute suit to collect the full amount, together with 12 per cent. penalties and attorney's fees. Defendant gave the notice provided by the statute on October 12th, and thereafter had 20 days in which to bring suit or until November 1st. Suit was not brought, and nothing was done to comply with the award of the board, until after November 1st. On November 5th plaintiff brought suit in a state court, and it was removed to the District Court by defendant. The jury was waived and the case submitted to the judge. At the close of the evidence defendant moved for judgment, which was overruled, and judgment for plaintiff, with penalties and attorney's fees, was entered. Error is assigned thereto.

The only question presented is whether defendant failed to continue making payments promptly as they matured "without justifiable cause." Undoubtedly, by giving notice that the award would be contested, defendant obtained a delay of over a month in making weekly payments of the small amount of $8.31, and, standing alone, this might well be considered unreasonable and without justifiable cause. Defendant contends, however, that up to October 26th negotiations were pending for a lump sum settlement, and that about October 28th Carswell, its agent, who was authorized to make settlements, and the only one who could issue a voucher in payment, had gone to Amarillo, where he was taken ill and could not communicate with his office, which was in Dallas; that he returned to his office on November 5th, and had a voucher issued for a payment under the award, and this was received by the attorney for plaintiff the next day. As against this, plaintiff points out that there were other

clerks in the Dallas office, who could have issued vouchers if authorized by Carswell, and that he might have sent a telegram to the office ordering one of them to do so, although he was sick and confined to his bed.

The question presented was peculiarly within the province of the District Court on consideration of all the evidence. The Texas courts have reached the same conclusion in analogous cases, and we find nothing in the record to warrant a reversal. See Minor v. London Guarantee and Accident Co. (Tex. Com. App.) 280 S. W. 163; Texas Employers' Ins. Ass'n v. Vestal (Tex. Civ. App.) 271 S. W. 225; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 196.

Affirmed.