**MARYLAND CASUALTY CO.
v. LEWIS.**

No. 2903.

Court of Civil Appeals of Texas.
Eastland.

Jan. 11, 1952.

Rehearing Denied Feb. 1, 1952.

Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, for appellant.

Smith & Smith, Anson, for appellee.

COLLINGS, Justice.

This suit was brought by appellee, James E. Lewis, against appellant, Maryland Casualty Company, to mature an award of the Industrial Accident Board of Texas for the full unpaid amount and to recover in addition thereto twelve percent penalty, interest and attorney's fees, as provided in Art. 8307, Section 5a, Vernon's Revised Civil Statutes of Texas. Appellant, by its answer, denied that appellee Lewis was entitled to mature the award and to collect the penalty, interest and attorney's fees as prayed, contending, in effect, that the suit was prematurely brought and tendered into court a sum of money equal to the amount then due appellee if the award was not matured. Upon a trial before the court without a jury, judgment was entered maturing the award of the Board as prayed and granting appellee judgment for $200.00 attorney's fees and the statutory twelve percent penalty on accrued installments and interest. Maryland Casualty Company has appealed.

Under Section 5, Art. 8307, supra, any interested party to an action before the Industrial Accident Board who is not satisfied with the final decision of the Board is required to file notice with the Board within twenty days after such decision that he will not abide therewith. The statute further provides that such dissatisfied party or parties shall, within twenty days after giving such notice, bring suit to set aside such final ruling and decision.

On June 16, 1950, the Industrial Accident Board entered an award in favor of appellee Lewis and against appellant Maryland Casualty Company for ten weeks total incapacity at $25.00 per week and for 140 weeks partial incapacity at $6.60 per week, subject to credit for previous payments which amounted to the sum of $217.85. On July 1, 1950, appellant company filed notice of appeal from the award of the Board. On July 5, 1950, appellee Lewis duly gave notice of appeal. Neither party ever filed suit to set aside the Board's award. The last day upon which appellant could have brought such suit was July 21, 1950, and the last day suit could have been brought by appellee Lewis was July 25, 1950. On July 26, 1950, at 9:30 o'clock A. M. appellee filed this suit in the District Court of Jones County to mature the award of the Board and for statutory penalty, interest and attorney's fees. Citation was served on appellant company on July 28, 1950. On August 19, 1950, appellant Maryland Casualty Company, filed its answer and a motion to dismiss alleging that appellee's suit was prematurely brought. Appellant then for the first time made tender of amounts due under such award.

█ The single point presented by appellant on this appeal is that the court erred in rendering judgment for appellee for the reason that it was not shown that appellant company failed or refused without justifiable cause to make compensation payments promptly as they matured. In our opinion,

this point is not well taken. The record shows that the award of the Board became final and that payments became due to appellee thereunder on July 26, 1950. No payment or tender of payment of the amount due was made by appellant until twenty-four days later, on August 19, 1950. Appellant was served with citation in this suit on July 28, 1950, and thus had actual notice that the award had become final for twenty-two days before tender of payment was made. No reason was shown why appellant did not make payments as provided by the award during any of this period. Numerous cases in this State have held that a claimant was entitled to have an award of the Board matured when the period of unexplained noncompliance by the insurance company was of shorter duration than shown in the instant case. In Minor v. London Guarantee & Accident Co., Limited, Tex.Com.App., 280 S.W. 163, the delay in making payment under the award was for a period of about two weeks. In Dixon v. United States Fidelity & Guaranty Co., Tex.Civ.App., 293 S.W. 291, Writ Dis. there was a delay of four days, and in Texas Employers' Ins. Ass'n v. Harrington, Tex.Civ.App., 61 S.W.2d 167, the company delayed five days in making payments under the award. In each of these cases the delay was held to be too long. In view of such cases, there can be no question but that the facts of this case do not show justifiable cause for appellant's failure to make payments from July 26th when the award became final, to August 19th, when payment was tendered.

Appellant urges, however, that it is required to show justifiable cause for noncompliance with the award of the Board only to the date of filing suit to mature the award and that this suit brought on July 26, 1950 at 9:30 o'clock A. M., the first day upon which the award of the Board became final and payments due to appellee thereunder, was patently premature.

■ We cannot agree that the filing of a suit to mature an award of the Industrial Accident Board, even if prematurely brought, relieves the company of responsibility to thereafter make payments as provided therein or to show justifiable cause for failure to make such payments. We do not understand Southern Underwriters v. Lewis, Tex.Civ.App., 150 S.W.2d 162, cited by appellant as authority for this proposition, to so hold. The question of premature filing of a suit to mature an award of the Board was not raised in the cited case. The case simply held that a requested special issue as to whether the insuror did not have justifiable cause for refusing to make payments before a certain date (65 days before suit was filed) was properly refused.

■ Since the facts of the present case show that appellant failed without justifiable cause to pay or to make tender of the payments under the award until August 19, 1950, twenty-four days after the award became final, we find it unnecessary to pass upon the question of whether this suit was filed prematurely. Appellee's cause of action had accrued before trial and at the time of the trial he had the right to have the award matured. If suit was prematurely filed, no prejudice is shown to have been suffered by appellant by reason thereof. Under such circumstances it was not reversible error to overrule appellant's motion to dismiss and to enter judgment for the relief to which appellee was then entitled under the facts shown by the evidence and claimed in his pleadings. The filing of an amended petition would have eliminated the question of prematurity and is the preferable practice but is not now compulsory under our liberal rules of procedure and particularly under the Workmen's Compensation Act. Hart v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 42 S.W.2d 798, Writ Ref.; Electric Chemical Co. v. Tucker Oil Co., Tex.Civ.App., 87 S.W.2d 328, Writ Dis.; 1 Tex.Jur., pages 131, 132; 1 C.J.S., Abatement and Revival, § 85, page 126.

The judgment of the trial court is affirmed.