**GENERAL INS. CORP.  v.  HANDY.**

No. 12656.

Court of Civil Appeals of Texas.

San Antonio.

April 14, 1954.

Rehearing Denied May 5, 1954.

Eskridge, Groce & Hebdon, San Antonio, for appellant.

James A. Hunt, Joe E. Kelly, Victoria, for appellee.

W. O. MURRAY, Chief Justice.

The following statement was taken from appellant's brief:

"This is a Workmen's Compensation suit brought by Ernest Handy against General Insurance Corporation on appeal from an award of the Industrial Accident Board. The plaintiff alleged an injury that occurred on the 2nd day of July, 1952, while he was an employee of the United Pipe Protection Company and that as a result of such accidental injury he strained the lower part of his back. It was more specifically alleged that he suffered injury particularly in the region between the fourth and fifth lumbar vertebrae.

"The defendant answered by a general denial and the cause proceeded to trial before a jury. The jury found that the plaintiff sustained an accidental injury to his back that was a producing cause of incapacity, which incapacity was a total incapacity commencing on July 2nd, 1952, and was temporary for a period of one hundred and thirty weeks. On the basis of this verdict and the stipulations entered into by counsel, the court entered a judgment for total temporary disability at $25 per week for a period of one hundred and thirty weeks."

From that judgment General Insurance Corporation has prosecuted this appeal.

■ Appellant's first point is: "The trial court erred in refusing to admit before the jury the plaintiff's admission that he had participated in certain marijuana transactions or narcotic transactions, because such admission was material to the credibility of plaintiff's testimony in view of the fact that his entire claim to the injury and disability was based entirely on subjective symptoms." We overrule this contention. Appellant does not contend that appellee had been convicted of certain marijuana transactions, but only that he had been charged with such offenses. This testimony was offered for the sole purpose of bearing upon the credibility of appellee. It was shown that appellee had entered a plea of guilty to these charges before the Federal Commissioner, but there was no contention that he had been duly convicted and adjudged to be guilty of such charges. At a hearing in the absence of the jury, appellee denied that he had participated in any marijuana transactions or narcotic transactions, and that he was not guilty of the things charged against him. Where a litigant has been convicted of a felony or of a misdemeanor carrying moral turpitude, such fact may be introduced in evidence as bearing upon his credibility where he becomes a witness in his own behalf, but the same is not true with reference to the mere filing of charges against the appellee, unless he presently admits that he is guilty of the offenses charged. Kennedy v. International & Great Northern R. Co., Tex.Com.App., 1 S.W.2d 581; Texas & New Orleans Railway Co. v. Parry, Tex.Com.App., 12 S.W. 2d 997; Peek v. Parker, Tex.Civ.App., 210 S.W.2d 619; McCormick & Ray, Texas Law of Evidence, §§ 311 to 313.

■ After both parties had announced ready for trial, and after the court had heard and decided to exclude the testimony with reference to appellee's having been arrested and charged with the sale of narcotics, appellant made a motion for continuance that this case might be postponed until after appellee had been tried and his guilt or innocence determined as to the sale of narcotics. We overrule appellant's contention that the trial court abused its discretion in overruling appellant's motion for continuance. Appellant was not entitled to withdraw its announcement of ready, have the court declare a mistrial, and postpone the case until after the appellee was tried upon the narcotic charges, so as to enable appellant to offer evidence as to such conviction if, as and when such conviction was obtained.

■ Appellant next contends that it should have been permitted to question appellee as to his activities in selling marijuana and other narcotics, to rebut appellee's claim that he was totally disabled from performing any kind or character of

work. Appellee had alleged that he was a laborer and that he was unable to do hard work since he received his injury. The fact that he may have been able to do some kind of light work would not defeat his recovery in this case. It would have been very prejudicial to appellee for appellant to have questioned him as to whether or not he had engaged in the sale of narcotics and in this manner bring out the fact that he had been charged in the Federal Court with trafficking in narcotics, when at that time he had not been tried and convicted of such an offense. We overrule this contention.

■ Appellant next complains because the trial court allowed 6% interest on matured weekly payments and 6% interest on the judgment instead of 4%, as is provided for in Article 8306a, Vernon's Ann. Civ.Stats. Appellant, for the first time in its brief, contends that the judgment should be reformed in this particular, and that the cost of the appeal should be charged to appellee. We are of the opinion that the judgment should be reformed so as to provide for 4% interest, instead of 6%, but that the cost of this appeal should not be taxed against appellee. If appellant had asked for such reformation in the trial court it could have had it there.

■ Appellant next contends that there was no evidence to support the judgment of the court for 130 weeks total temporary disability, and makes the further contention that the evidence was insufficient to support such finding, and that such finding was against the great weight and preponderance of the evidence. We overrule these contentions. There was evidence given by appellee himself and by two doctors to the effect that he had sustained an injury to his back which precluded him from doing hard work, and the length of time for which this total incapacity would continue was something, more or less, to be estimated by the jury. It is true that Dr. David R. Oliver, who examined appellee on June 2, 1953, shortly before the trial began, testified that he found only a slight sensitive place in appellee's back and that he could find no signs, from X-rays or otherwise, of an injury to his back. However, this testimony was in conflict with testimony given by other medical experts and by appellee himself, and the jury having found that there was total temporary disability from sufficient evidence, this Court will not disturb such findings. The evidence was sufficient to support the verdict of the jury, and the verdict was not against the overwhelming preponderance of the evidence so as to show that it was clearly wrong.

The judgment will be reformed as above indicated and, as reformed, affirmed. Appellant to pay all costs.