**HARTFORD ACCIDENT & INDEMNITY CO., Appellant,**

v.

**Tomas REINA et al., Appellees.**

**No. 7932.**

Court of Civil Appeals of Texas.

Amarillo.

May 5, 1969.

Rehearing Denied June 2, 1969.

Nelson, Sherrod, Carter & Oldham, Wichita Falls, Stan Carter, Wichita Falls, of counsel, for appellant.

Bell, Sowell & Neal, Quanah, William O. Neal, Quanah, of counsel, for appellees.

NORTHCUTT, Justice.

This is a suit brought by Tomas Reina and Elena Reina, hereinafter styled appellees, against Hartford Accident & Indemnity Co., hereinafter styled appellant, to recover certain compensation due them by virtue of the death of their father.

On August 9, 1945, appellant was the Workmen's Compensation Insurance carrier for the West Texas Cottonoil Co. On that same date, Pablo Reina, an employee of West Texas Cottonoil Co., suffered an accidental injury in the scope of his employment and died. The workmen's compensation rate then in effect provided death penalties in the amount of $20.00 per week for 360 weeks. It is undisputed in this record that Reina's wife, Juana Reina, was entitled to one half of the benefits and appellees (being the only children of Pablo Reina and Juana Reina) were jointly entitled to the remaining one half. At the time of their father's death appellees were both infants. Tomas Reina was about 20 months of age and Elena Reina less than three months of age.

Appellant paid Juana Reina her one half of the $7,200.00 and was to pay the appellees the other one half in weekly payments. Juana Reina made application to be appointed as guardian of the estate of said minor children and said application was granted but Juana Reina never qualified and had approved proper bond. Consequently, none of the weekly payments were ever paid to the appellees. Under this record, we think it is clearly shown that the Industrial Accident Board entered its order granting Juana Reina her portion of the compensation due by the virtue of the death of Pablo Rena and ordered the $10.-00 per week for 360 weeks for these appellees.

After appellees became of age this suit was filed seeking to recover the $3,600.00 together with interest, penalty and attorney's fee. Before the suit was filed, the appellant offered to pay the $3,600.00 but appellees would not accept the offer unless appellant would pay interest on the installments from date they were due until paid, and appellant refused to pay the interest. The reason appellant contends it did not pay the installments as due was because no guardian was appointed to receive the payments.

At the time of trial appellant paid into the court the $3,600.00 plus interest thereon in the sum of $702.00, being interest from the time appellees reached their respective maturities, making the total sum paid into court of $4,302.00.

The case was tried to the court without a jury. Judgment was entered in favor of appellees for the $3,600.00 together with interest at the rate of 6% from due date of each installment being in the total of $3,973.74 and penalty of 12% upon principle and interest in the sum of $908.85 and $2,500.00 attorney's fee, making the total of the judgment $10,982.59. The $14,302.00 was ordered paid to the appellees and writ of execution ordered issued for the remaining balance. From that judgment appellant perfected this appeal.

The three real issues here involved are as to the interest, penalty and attorney's fee. There is no question as to the appellant owing the $3,600.00. Appellant contends appellees were entitled to interest on the $3,600.00 only from the date they became of age and appellees contend they were entitled to interest from the due date of each weekly installment that was not paid.

The Industrial Accident Board made an award although the terms of the award are not shown, but there is no question but that the amount of the award was for $7,200.00. The wife received her one half of the award and the children were to receive the other one half. Appellant paid the mother and her attorney and stated it would start payment for the minors as soon as appellant was furnished with a photostatic copy of guardianship papers. The mother filed to be appointed guardian and the application was allowed, but the guardian did not qualify and file proper bond. It being the contention of the appellant that since there was no guardian qualified to receive the weekly payments that that was a justifiable cause for never making the payments and thereby appellees were entitled to interest only from the time appellees became of age and were not entitled to penalty and attorney's fee.

The award of the Industrial Accident Board giving the minors herein $10.00 per week for 360 weeks had all the force and effect of a judgment and was binding on all parties since no legal action was taken to set aside the order. Ocean Accident & Guarantee Corp. v. Pruitt et al., 58 S.W.2d 41 (Tex.Com.App.); Middlebrook v. Texas Indemnity Ins. Co., 112 S.W.2d 311 (Tex.Civ.App.); 131 Tex. 163, 114 S.W.2d 226; LeJeune v. Gulf States Utilities Co., 410 S.W.2d 44 (Tex.Civ.App., n. r. e.); Texas Employers' Ins. Assoc. v. Morgan, 295 S.W. 588 (Tex.Com.App.); General American Casualty Co. v. Rosas, 275 S.W.2d 570 (Tex.Civ.App., n. r. e.).

Consequently, that award was a debt owed by appellant to the appellees. The Home Insurance Indemnity Co. v. Gutierrez, 409 S.W.2d 450 (Tex.Civ.App., n. r. e.); Consolidated Underwriters v. Saxon et al., 265 S.W. 143 (Tex.Com.App.). Since no appeal was taken from the award of the Industrial Accident Board and appellant had failed to make payments promptly in accordance with the award, appellees had the right to mature the award, unless the appellant was justified in not paying the weekly payments because the mother of appellees failed to qualify as guardian, which included interest from the due date of each weekly payment. Travelers Ins. Co. v. Hill, 163 Tex. 81, 351 S.W.2d 530; Texas Employers' Ins. Assoc. v. Suttles et al., 57 S.W.2d 624 (Tex.Civ.App., writ refused);

Home Life & Accident Co. v. Orchard, 227 S.W. 705 (Tex.Civ.App., writ refused); Midwestern Ins. Co. v. Wagner, 370 S.W. 2d 779 (Tex.Civ.App., n. r. e.).

■ We do not believe appellant had justifiable cause for not making the weekly payments because the mother failed to qualify as guardian and file proper bond. Art. 8306, Sec. 8a provides "Such compensation shall not pass to the estate of the deceased to be administered upon, but *shall be paid directly* to said beneficiaries when the same are capable of taking, under the laws of this State, *or to their guardian or next friend*, in case of lunacy, infancy or other disqualifying cause of any beneficiary." (Emphasis ours)

It is stated in Latcholia v. Texas Employers' Ins. Assoc., 140 Tex. 231, 167 S. W.2d 164 as follows:

"There is a definition of 'next friend' which seems to be quite generally accepted. It is as follows: 'One who, without being regularly appointed guardian, acts for the benefit of an infant, married woman, or other person not sui juris.'

A volunteer does not become a next friend until he acts, that is until he institutes an action for or in behalf of a person non sui juris. Ray v. Sanitary Garbage Co., 134 Neb. 178, 278 N.W. 139; Chase v. Ulster & D. R. Co., 215 App. Div. 581, 214 N.Y.S. 615. In the instant case the minor's father became his next friend when he filed the claim for compensation and thereby instituted this proceeding."

We hold the appellant could have made the payments to the mother of appellees as she became their next friend when she filed the claim for compensation due by virtue of the death of her husband and the father of appellees.

■ The trial court rendered judgment for the plaintiffs for the $3,600.00 plus interest in the sum of $3,973.74 making the total of $7,573.74. A penalty of 12% upon the $7,573.74 in the sum of $908.85 was granted in favor of the plaintiffs. We are of the opinion, and so hold, that the trial court was correct in granting judgment in favor of the plaintiffs for the $3,600.00 plus interest, penalty and reasonable attorney's fee. However, we are of the opinion, and so hold, the trial court erred in granting 12% penalty upon the $7,573.74 in the amount of $908.85 and should have granted 12% penalty only on the $3,600.00 being in the sum of $432.00.

We have not been cited any authority and neither have we found any other than Art. 8307, Sec. 5a covering the question here involved as to the penalty. The full compensation allowed by the Industrial Accident Board was $10.00 per week for 360 weeks making the $3,600.00. Art. 8307, Sec. 5a does not mention any interest but provides for penalty and reasonable attorney's fee. We are of the opinion the court erred in granting 12% penalty on both the $3,973.74 interest and compensation, in the sum of $908.85 and hold the judgment should have been for $432.00 penalty only on the compensation. That part of the judgment granting penalty in the sum of $908.85 is reversed and judgment here rendered for the penalty only in the sum of $432.00 being 12% of the $3,600.00 compensation. There was sufficient evidence to sustain the findings of the trial court as to the reasonable attorney's fee in the sum of $2,500.00 and we approve the same. We have carefully considered all of appellant's assignments of error and overrule all of them except as to the part of the penalty. Judgment of the trial court is reversed and rendered as to the amount of penalty to appellees, and judgment of the trial court is in all other matters affirmed.