**The HOME INDEMNITY COMPANY,**
**Appellant,**

v.

**Camilo MOSQUEDA, Appellee.**

**No. 580.**

Court of Civil Appeals of Texas,
Corpus Christi.

March 11, 1971.

**904**

Allison, Maddin, White & Brin, Ronald Brin, Corpus Christi, for appellant.

Cullen B. Vance, Larkin T. Thedford, Edna, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit by appellee to mature an award by the Industrial Accident Board. The trial' was to the court without a jury resulting in a judgment for the full amount of the award, plus penalty and attorney fees. The Workmen's Compensation statute provides that when the Industrial Accident Board makes a final award against the insurance carrier, and the carrier shall fail or refuse "without justifiable cause" to make the payments promptly as they mature, then the beneficiary shall have the right to mature the entire claim. Art. 8307, § 5a, Vernon's Ann.Civ.St. This is the second appeal of this case.

George Zapata Mosqueda died as a result of an accident which occurred in Willacy County, Texas. Camilio Mosqueda, his son, filed a claim for death benefits with the Board in his own behalf. At the time he filed his claim on the 19th day of August 1965, he was a minor. He became 21 years of age on September 25, 1965. The Industrial Accident Board entered its award on November 5, 1965, awarding compensation to Camilio as the sole beneficiary, an amount of $35.00 per week for 360 consecutive weeks. The award specified that it was retroactive to April 16, 1965, the date of the death of Camilio's father and ordered it paid to a guardian when appointed. The Board also awarded Marcelo Mosqueda (Camilio's uncle) $500.00 as reimbursement for funeral expenses. The insurance company gave notice of appeal to the district court of Nueces County naming Marcelo Mosqueda and Louis Mosqueda (Camilio's brother) as defendants. Louis was later dismissed for lack of inter- ·est and Marcelo settled with appellant. Camilio was never a party to the Nueces County suit.

In the meantime, Camilio's award became final because appellant did not appeal the award of the Board as to Camilio. Camilio instituted this suit in Jackson County, seeking to mature and enforce the Board's award. Appellant filed a plea in abatement contending that the Nueces County judgment was dispositive of Camilio's suit. The trial court agreed and dismissed Camilio's suit for lack of jurisdiction. This Court reversed the district court's order, holding that appellant had

failed to appeal as to Camilio and therefore the award was final as to him; that Camilio's claim for death benefits was separate from Marcelo's claim for reimbursement of funeral expenses; and since Camilio had never been served, had not voluntarily appeared, and was under no duty to intervene, the judgment was not binding upon him. Mosqueda v. Home Indemnity Company, 443 S.W.2d 901 (Tex.Civ.App. —Corpus Christi 1969, wr. ref. n. r. e.).

■ The case was remanded to the trial court. On the day it was set for the trial the appellant again filed a plea in abatement. This time it contended that the trial court did not have jurisdiction because Camilio's guardian was not a party to the suit. Although the Board named Camilio as the sole beneficiary of the award, it ordered the appellant to pay "the duly appointed, qualified and legal guardian *when appointed,* of Camilio Mosqueda, minor; * * *" to receive the payments as they accrued. Appellant contends that the guardian of Camilio was a necessary, proper and indispensable party to the suit and that without such guardian the trial court had no jurisdiction to proceed to trial. The appellant's answer and plea in abatement filed the day of the trial without leave of the court, cannot be considered here (Rule 63, Texas Rules of Civil Procedure), unless the guardian of Camilio was an indispensable party. Otherwise, appellant's complaint comes too late, because there is no showing here that the trial court abused its discretion. Rule 37, T.R.C.P.

Article 8307, § 5a, provides that where the carrier fails to pay an award "without justifiable cause", then penalty, and attorney fees shall be assessed against it. The appellant in three points of error takes the position that as a matter of law there was justifiable cause for not paying the Board's award during the sixteen-day period in which its conduct was to be judged. That is, the 16 days from the date the award became final to the date suit to mature the award was filed by Camilio. Appellant

contends that it was in a dilemma. For if it paid the award directly to Camilio, it was violating the instructions and terms of the order of the Industrial Accident Board. If it did not pay the award, it was subject to the sanctions of Article 8307, § 5a. Appellant continues its argument and says, that the record is conclusive in that it shows that performance by appellant was impossible because no guardian was ever appointed for Camilio. Therefore, appellant contends, there was no evidence in the record that the appellant carrier failed to carry out the mandate of the Industrial Accident Board. They pose these questions to this Court: Was it their duty to ascertain the age of the claimant? Were they to pay at their peril an award to Camilio who was a person other than the person named to receive the award? Was it their duty under Article 8306, § 12d, to apply for a change in the Board's order?

The trial court found that Camilio Mosqueda became 21 years of age on September 25, 1965, and has not been under any legal disability of any nature since that date; that no guardian was ever appointed either of the person or estate of Camilio; that Camilio had never been paid by the appellant on his claim, nor has the appellant ever made tender of payment to Camilio. The court further found that the appellant never made any attempt at any time to ascertain whether there was a guardian of the estate of Camilio or whether or not Camilio had become 21 years of age. The court found additionally that appellant could have, by the exercise of reasonable diligence, determined that Camilio had become 21 years of age, but failed to exercise reasonable diligence to determine Camilio's age.

Appellant contends that the language of the Board's award clearly contemplates that a legal guardian was to be appointed. It argues that Section 230(b) of the Probate Code directs that benefits due a ward shall be paid to the guardian of the infant. Therefore, they were left with no other recourse except to hold up payment until a

guardian was appointed. In this connection, appellant argues that unless the Board's award is now changed, altered or modified under the provisions of Article 8306, § 12d, the guardian mentioned in the Board's award, was the only person who could sue to recover the benefits awarded. This is not so.

The guardian, even if one was in existence, was not a necessary party to a suit where the ward had become of age or had his disabilities removed. The duty was upon the insurance company to pay the award of the Industrial Accident Board to the beneficiary. The failure of the company to comply with this obligation, "to pay the amount due at once", constituted a prima facie failure of the company to abide by the order of the Board. Home Insurance Indemnity Company v. Gutierrez, 409 S.W.2d 450 (Tex.Civ.App. —Corpus Christi 1966, n. r. e.). This failure gave Camilio the right to institute suit, based upon the order of the Board, to establish the same by maturing the entire claim. Minor v. London Guarantee & Accident Co., 280 S.W. 163 (Tex.Com. App.1926, op. adopted) ; Dixon v. United States Fidelity & Guaranty Co., 293 S.W. 291 (Tex.Civ.App.—Texarkana 1926, err. dism.) ; Ocean Accident & Guarantee Corporation, Ltd. v. Manning, 5 Cir., 24 F.2d 202 (1928) ; Texas Employers' Ins. Ass'n v. Harrington, 61 S.W.2d 167 (Tex.Civ. App.—Eastland 1933) ; Travelers Insurance Company v. Hill, 163 Tex. 81, 351 S. W.2d 530 (1961).

The law in Texas is that the compensation due a beneficiary shall be paid directly to the beneficiary when the same is capable of taking under the laws of the state. When Camilio became 21 years of age without any disability, the appellant could and should have paid Camilio directly. Even if Camilio had had a guardian, payment directly to Camilio when he became 21, would have discharged the obligation. See 406 Probate Code, V. A.C.S. A guardianship of a minor termi-

nates when the ward becomes an adult. 27 Tex.Jur.2d, Guardian and Ward, § 354, p. 618. When Camilio became 21 years of age, any power of any guardian to act for the minor was lost, whether there was an entry of an order to that effect or not. Pure Oil Co. v. Clark, 37 S.W.2d 1083 (Tex.Civ.App.—Texarkana 1931) err. dism., 56 S.W.2d 852 (Tex.Com.App.1933). If appellant was not sure of whether there was a guardian, or uncertain of whether Camilio was emancipated, payment could have been made into the registry of a probate court in Camilio's home county in accordance with § 220 of the Probate Code, Sec. (g) V.A.C.S. This subsection was intended for the obvious purpose of allowing creditors of an estate to discharge their obligations even though the office of the personal representative is vacant. See Interpretative Commentary pp. 600–650 and § 220 of Probate Code. No such efforts in any of these situations were made by appellants.

The record before us shows that it was undisputed that Camilio Mosqueda became 21 years of age on September 25, 1965. Appellant had notice of Camilio's age, both at the time he made the claim, and conclusively at the time the Industrial Accident Board made its award. This was also apparent to us in the first appeal, and our opinion so indicates. See Mosqueda v. Home Indemnity Co., supra. In fact, one of the arguments made by appellant on the appeal of this case the first time, was that since Camilio was an adult he should have intervened in the Nueces County suit to protect the benefits awarded to him by the Board.

The burden is on the insurance company to either pay the award or establish that there was justifiable cause for not making such payment. The Supreme Court in Travelers Insurance Company v. Hill, 163 Tex. 81, 351 S.W.2d 530 (1961) held that the claimant was not required to demand payment of the award or to notify the carrier of his decision to abandon a proposed appeal and to abide by the award

as a prerequisite to suit to mature the award. It has been held that in a suit filed to mature an award of the Industrial Accident Board, even if prematurely brought, does not relieve the company of its responsibility to thereafter make payment as provided therein, or to show justifiable cause for failure to make such payment. Maryland Casualty Co. v. Lewis, 245 S.W.2d 548 (Tex.Civ.App.—Eastland 1952) reversed on other grounds by the Supreme Court at 151 Tex. 480, 252 S.W.2d 155 (1952).

The Court in Texas Employers' Ins. Ass'n. v. Nunamaker, 278 S.W. 889 (Tex. Civ.App.—Dallas 1925, n.r.e.) held that the purpose of the statute (Art. 8307 § 5a V.A.C.S.) is to encourage prompt payment of workmen's compensation claims and that whether the insurance company appealed in good faith or otherwise, the injury suffered by reason of the delay is just as real to the claimant. The Court there held that the insurance company is conclusively presumed to have had cognizance of every essential fact to determine questions of jurisdiction. The company will not be permitted, in order to avoid penalty, to hide behind the mistake it made in choosing a court of incompetent jurisdiction.

Finally, in a case very similar to the case before us, an award was made to the mother of the minor children, as guardian. The mother never qualified as guardian. The insurer indicated it would start payments to the minors as soon as it was furnished guardianship papers. Suit was filed by the children when they became of age, years later, to recover the full award, interest, penalty and attorney fees. The Court, in allowing this claim, held that the insurer did not have justifiable cause for not making the payments as they accrued, as the company could have made payment to the mother as next friend. Hartford Accident & Indemnity Company v. Reina, 441 S.W.2d 622 (Tex.Civ.App.—Amarillo 1969, wr.ref. n.r.e.). It certainly would follow that if the mother as next friend could receive an award ordered to be paid to a guardian, Camilio, as an adult, could have received the award in his own behalf. See § 406 Probate Code, V.A.T.S.

The Workmen's Compensation Act does not permit an insurance company to delay payments due a beneficiary except where there is "justifiable cause". The appellant's failure to make such payment, makes it liable under Art. 8307, § 5a. The appellant did not plead any justifiable basis for not making payment. This was an affirmative defense that appellant must plead and prove to prevent the maturing of the award. Since there was no pleading, or proof, or findings by the trial court that justifiable cause existed, appellant became liable to Camilio for the amount of the award, penalty and attorney fees. Appellant's points are overruled.

Appellee brings one counterpoint, contending that the trial court erred in failing to award interest on the amount of the award of the Industrial Accident Board from and after the date the award matured. Judgment of the trial court was entered in favor of Camilio for $12,600.00, the amount of the award with interest at 4%; 12% penalty in the amount of $1,512.00; and the sum of $6,410.00 as attorney fees, with interest at the rate of 6% from date of judgment on the penalty and attorney fees portion of the judgment, until paid. Camilio contends that he is entitled to interest at the rate of 6% per annum on the amount of award, from date the award matured until it is paid. The award of the Board matured when Camilio filed his suit on December 30, 1965.

The recovery by Camilio was based on the written final award of the Industrial Accident Board. The award had all the force and effect of a judgment. Texas Employers' Ins. Ass'n v. Morgan, 295 S.W. 588 (Tex.Com.App.1927). It was binding on all the parties since no legal action was taken to set it aside. Ocean Accident & Guarantee Corporation v. Pruitt, 58 S.W.2d 41 (Tex.Com.App.1933). It was a fixed debt owed by appellants to Camilio.

Home Insurance Indemnity Company v. Gutierrez, 409 S.W.2d 450 (Tex.Civ.App. —Corpus Christi 1966, n.r.e.). The full amount became due and payable when the appellant failed, without justifiable cause, to make the payments. Art. 8307, § 5a.

Where a fixed amount of money is due and payable on a definite ascertainable date which was based upon written instrument, (the award in this case) interest runs from that date. Hartford Accident & Indemnity Co. v. Reina, 441 S. W.2d 622 (Tex.Civ.App.—Amarillo 1969, wr. ref. n.r.e.). Where no specified rate of interest is agreed upon by the parties, interest at the rate of 6% per annum shall be allowed. Art. 5069–1.03, V.A.C.S. Here the statute upon which Camilio bases his claim, (Art. 8307, § 5a) does not specify any rate of interest. The only case that we can find where the courts of this State has determined the amount of interest allowable under Art. 8307, § 5a is the Hartford Accident & Indemnity Co. v. Reina, supra. There the trial court awarded 6% interest on the amount of the Board's award from the due date of each installment and 6% from date of judgment until paid. The Court of Civil Appeals held that the trial court erred in granting 12% penalties on both the compensation and interest. It should have awarded interest (at the rate of 6%) on the accrued compensation only. The Supreme Court refused the writ of error n.r.e.

The Industrial Accident Board's award made the claim of Camilio a liquidated debt of the insurance company. We construe the award of the Industrial Accident Board as being in the nature of a judgment, reduced to writing, which ascertained a definite sum of money that was payable to Camilio by the appellant. When appellant defaulted in not making payment of any of the weekly installments, without justifiable cause, Camilio had the right to mature the entire claim as provided for in Art. 8307, § 5a. The penalty provision under Art. 8307, § 5a is not a substitute for the interest due upon the liquidated sum that was due and payable to the beneficiary. We hold that the amount of the matured award should bear interest at the rate of 6% from the date the suit was filed on December 30, 1965, until the date of judgment, and thereafter until paid. Hartford Accident and Indemnity Company v. Reina, 441 S.W.2d 622, supra; Art. 5069–1.03, V.A.C.S.; Art. 8307, § 5a. Interest on attorney fees and penalty shall bear interest from date of entry of the judgment at the rate of 6% per annum until paid, as ordered by the trial court.

The judgment of the trial court is reformed to include interest at the rate of 6% per annum of $12,600.00 from December 30, 1965, and as reformed, the judgment of the trial court is affirmed.

Reformed and affirmed.

SHARPE, Justice (concurring in part, and dissenting in part).

I concur in affirmance of the judgment awarding Camilio Mosqueda, appellee, the amounts of $12,600.00 as payment under the Workmen's Compensation Statutes on account of the death of his father, $1,512.-00 as a 12% penalty on the amount of $12,600.00, and $6,410.00 as attorney's fees. However, I respectfully dissent with reference to the judgment of this Court which awards interest at the *rate* of six (6%) per cent per annum on the amounts stated.

Appellee's primary contention under his cross-point is that six (6%) per cent per annum is the correct rate of interest to be applied to the award of $12,600.00 beginning on December 30, 1965. However, in the alternative, he prays that interest be calculated at the rate of four per cent per annum, compounded annually.

When appellant failed to properly institute suit against Camilio Mosqueda within the time provided by Art. 8307, sec. 5, V. A.C.S., the order of the Industrial Acci-

dent Board became binding upon all parties thereto, but the appellant has failed and refused without justifiable cause to comply therewith. It appears from our decision on the first appeal of this case (Mosqueda v. Home Indemnity Company, 443 S.W.2d 901 (Tex.Civ.App., Corpus Christi, 1969, wr.ref. n.r.e.), and the record in the instant appeal that Mosqueda was entitled to mature his entire claim and the award of the Industrial Accident Board and to recover the full amount thereof together with penalty and attorney's fees, all as provided by Art. 8307, sec. 5a, V.A.C.S.

In my view the correct rate of interest applicable in this case is four (4%) per cent compounded annually. That rate should be applied to the amount of $12,600.00 from December 30, 1965 (in accordance with appellee's cross-point which specifically requests calculation of interest from that date and interest so calculated should be added to appellee's recovery in the judgment) and to the amounts of $6,410.00 (attorney's fees) and $1,512.00 (penalty) from date of judgment, i.e., March 16, 1970. See Art. 8306a, V.A.C.S. In my view that statute provides the proper rate both for discount for present payment and for interest on amounts which are matured and owing to the beneficiary. The second paragraph of Art. 8306a reads as follows:

> "Provided, however, where suits are legally brought by any claimant or beneficiary under any of the provisions of this Act and recovery is had for past due weekly installments, such claimant or beneficiary shall be entitled to recover interest on such past due installments at the rate of four (4%) per cent, compounded annually. Any judgment rendered pursuant to any of the provisions of this Act shall bear interest from the date it is rendered until paid at the rate of four (4%) per cent, compounded annually."

It is important to note that Art. 8306a, V.A.C.S., was amended by the Legislature in 1951. See Acts 1951, 52nd Leg., p. 127, ch. 78, Sec. 2. The Historical Note to that article in Vernon's Civil Statutes reads as follows: "The amendatory act of 1951, decreased the discount rate from 6% to 4% and inserted the first proviso relating to interest on past due installments and on judgments." It thus appears that cases involving claims arising prior to the said 1951 amendment are not controlling as to the applicable rate of interest after the amendment became effective.

The majority opinion relies upon Hartford Accident & Indemnity Co. v. Reina, 441 S.W.2d 622 (Tex.Civ.App., Amarillo, 1969, wr.ref. n.r.e.) and Article 5069–1.03, V.A.C.S. for the holding that the rate of interest in this case should be six (6%) per cent per annum. In my view, neither *Reina* nor that statute is applicable or controlling here. The claim involved in *Reina* arose because of the death of Pablo Reina on August 9, 1945, almost six years prior to the amendment of Art. 8306a in 1951 and the question concerning the *rate* of interest (6%) was not even raised. The court held that interest was properly allowable at that rate on the award of compensation ($3,200.00) by the Industrial Accident Board, which was made many years previously when the plaintiffs were minors, from the due date of each installment, but that the 12% penalty provided by Art. 8307, sec. 5a, V.A.C.S., was not properly allowable on the award of interest. Reina is not authority for a holding that interest at the rate of 6% per annum is properly allowable in Workmen's Compensation cases after the 1951 amendment to Art. 8306a.

Art. 5069–1.03, V.A.C.S., is applicable only to cases wherein the parties to a written contract have not agreed upon a specific rate of interest and to open accounts. In my view the provisions of that Statute have no application to a suit for Workmen's Compensation benefits and enforcement of an award of the Industrial Acci-

**910**

dent Board such as we have involved in the instant case.

Since the 1951 Amendment to Article 8306a, V.A.C.S., it has been held in a number of workmen's compensation cases that interest on accrued payments and on the judgment should be at the rate of 4% per annum, compounded annually, and not at the rate of 6% per annum. See Consolidated Casualty Insurance Co. v. Jackson, 419 S.W.2d 232, 239 (Tex.Civ.App., Houston, 14th, 1967, wr.ref. n.r.e.); General Accident Fire and Life Assur. Corp. v. Camp, 348 S.W.2d 782, 786 (Tex.Civ.App., Houston, 1st, 1961, n.w.h.); Texas Employers' Insurance Association v. Elder, 274 S.W.2d 144 (Tex.Civ.App., Fort Worth, 1954, affirmed 155 Tex. 27, 282 S. W.2d 371 (1955); General Ins. Corp. v. Handy, 267 S.W.2d 622, 623 (Tex.Civ.App., San Antonio, 1954, wr.ref. n.r.e.); Traders & Gen. Ins. Co. v. Durrette, 258 S.W.2d 346 (Tex.Civ.App., Amarillo, 1953, n.w.h.).

The above-cited cases all involved trials de novo on appeals from awards of the Industrial Accident Board. However, in my view the rate of interest in that type of case is no different from that where suit is brought to enforce and mature the award of the Industrial Accident Board under Article 8307, Sec. 5a, V.A.C.S., although that statute does provide for recovery of penalty and attorney's fees in addition to compensation benefits.

I would modify the judgment of the trial court so as to allow interest at the rate of four (4%) compounded annually on the amount of death benefits in the sum of $12,600.00 from December 30, 1965 to the date of judgment, which was March 16, 1970. I would also modify the judgment to provide for interest on the total amount so calculated and upon $6,410.00 (attorney's fees) and $1,512.00 (penalty) from date of judgment until paid at the rate of four (4%) compounded annually. As so modified I would then affirm the judgment.